Douglass v. White.

---

DOUGLASS *et al.*, *Appellants*, v. WHITE.

Division One, May 8, 1896.

1. **Practice:** CHANGE OF VENUE. Where the application for a change of venue is in substantial compliance with the statute, the change must be granted.

2. ——: ——: NOTICE. Plaintiff is entitled to a change of venue on an application which recites that defendant has undue influence over the judge and over the inhabitants of the county and that knowledge of such facts first came to plaintiff on the day of filing his reply and after filing same and which was made as soon as such knowledge was acquired and on the day the cause was set for trial and was filed in the presence of the defendant and his attorney and was immediately thereafter delivered to such attorney with the file mark on it, though formal notice of the application as provided by Revised Statutes, 1889, section 2262, was not given.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*C. P. Hess* for appellants.

(1) The court should have granted the change of venue. The applicants were the plaintiffs, and gave notice as soon as information was acquired by them. *Dowliny v. Allen*, 88 Mo. 300; *Corpenny v. Sedalia*, 57 Mo. 88; *State to the use v. Matlock*, 82 Mo. 455; *Reed v. State*, 11 Mo. 380; *State ex rel. v. Lubke*; 29 Mo. App. 555; *State v. Thomas*, 32 Mo. App. 159; *State v. Shipman*, 93 Mo. 157. (2) The court should have admitted the parol evidence offered by the plaintiffs. It is a principle recognized and acted upon as a cardinal rule by all courts of justice in the construction of contracts, that the intention of the parties is to be inquired into, and if not forbidden by law, is to be effectuated. *Bradley v. Packet Co.*, 13 Pet. (U. S.) 89. The oral testimony was competent and should have been admitted. *Brown v. Bowen*, 90 Mo. 184; *Burk v. Dulaney*, 153 U. S. 228. (3) The original contract between plaintiffs and defendant was verbal and entire, and a part only was reduced to writing. The writing in this case was only signed by plaintiffs and not by defendant. It only recited what plaintiffs were to do and

nothing as to what the defendant was obligated to do. *Rollins v. Claybrooks*, 22 Mo. 405; *Moss v. Green*, 41 Mo. 389. (4) Parol testimony to explain the subject-matter of a contract in writing is ordinarily admissible, when necessary for its interpretation, and not inconsistent with its terms. *Centenary Church v. Clime*, 116 Pa. St. 146; *Stout v. Weaver*, 72 Wis. 143; *Bannon v. Aultman & Co.*, 80 Wis. 307; *Cake v. Bank*, 116 Pa. St. 264; *Katz v. Bedford*, 77 Cal. 309; *Black River Lumber Co. v. Warner*, 93 Mo. 374; *Harvey Lumber Co. v. Lumber Co.*, 39 Mo. App. 214; *State ex rel. v. Hoshaw*, 98 Mo. 358.

*Ben Eli Guthrie* and *Ben Franklin* for respondents.

(1) The appellant's printed abstract, which is the sole record this court can consider at this hearing, fails to show that any judgment of any kind was ever rendered in this cause. Therefore, there was nothing to appeal from, and this appeal must be dismissed. There must be a final judgment to authorize an appeal. *Mills v. McDaniels*, 59 Mo. App. 331; *Halloway v. Halloway*, 97 Mo. 331; R. S., sec. 2246; *In Re Redding Bros.*, 31 Mo. App. 425; *Bank v. Davidson*, 40 Mo. App. 421; *Craig v. Scudder*, 98 Mo. 664. (2) There was no error in overruling the application for change of venue. The application was without notice and out of time. It was after defendants had answered ready for trial. Therefore the court could not entertain the application. *Summers v. Ins. Co.*, 45 Mo. App. 46; *State v. Matlock*, 82 Mo. 455; *State v. Lubke*, 29 Mo. App. 555; *Johnson v. Moffett*, 19 Mo. App. 159. (3) The court did not err in the refusal of the parol evidence offered by the plaintiffs. *First.* No exception was saved to the action of the court in excluding parol evidence as to other argreements than that contained

in the written ones. Without exceptions saved at the time, this court can not review the action of the trial court. *State v. Higgins*, 124 Mo. 640. *Pierce v. Michel*, 60 Mo. App. 187. *St. Louis v. Buron*, 107 Mo. 380. *Second*. If it were possible for this court to review the action of the trial court in the matter of rejecting the evidence as to other agreements than the written ones, still the parol evidence as it appears in the record is insufficient to show any binding parol agreement, in addition to the written ones. The evidence is too indefinite, and when taken together shows that it relates to matters occurring in the preliminary conferences between the parties prior to the execution of the written contract, and became merged into the written contract, therefore. *Boyd v. Paul*, 125 Mo. 9; *Tracy v. Union Iron Works*, 104 Mo. 193, and cases cited; *Walker v. Engler*, 30 Mo. 130; *Morgan v. Porter*, 103 Mo. 135. If any of it was subsequent to the making of the written agreement, there was no consideration for it whatever.

ROBINSON, J.—This is an action for damages by plaintiff against defendant for the alleged wrongful conversion of a policy of insurance issued for the benefit of the plaintiff, Martha H. Douglass, and for the failure on defendant's part to keep paid up the annual premiums on same as they fell due, agreeable to a contract entered into between plaintiff and defendant.

This suit was instituted and made returnable to the March term, 1893, of the Macon county circuit court, and at that term defendant appeared and filed his motion to require plaintiffs to give a bond for costs, which being sustained, a cost bond was ordered filed in vacation and the cause continued to the September term of court.

Plaintiffs failed to file cost bond as required by the order of court, and on the second day of September term, the day the cause was set down for hearing, defendant filed his answer, by way of special denial, coupled with a counterclaim against plaintiffs for some $3,000 on sundry notes made by plaintiffs to him.

Plaintiffs then asked for a continuance of the cause, which was refused by the court, whereupon plaintiff then asked leave to take a nonsuit, and defendant objected. The court then told plaintiffs that they could take a nonsuit as to the cause of action stated in their petition, but that the cause would stand for trial on defendant's answer and cross bill.

Plaintiffs then declined to take a nonsuit, and asked leave to examine the answer and file reply, and said that they would go to trial on the case if the court would give them until 1 o'clock of that day. This was during the morning hour of court, just before the noon adjournment.

At 1 o'clock as the court convened after the noon adjournment, the plaintiff's attorney in open court filed and passed to defendant's attorney this application for a change of venue, in words and figures following, duly verified:

"Martha H. Douglass & Thomas H. Douglass, Pltfs.
    "v.
"William C. White, Deft.

"In the circuit court of Macon county, Missouri, September term, 1893.

"Now come the plaintiffs in this cause and pray the court to grant them a change of venue herein, for the following reasons:

"1st, that the defendant in this cause has an undue influence over the mind of the Hon. Andrew Ellison, judge of this court.

"2nd, that the defendant in this cause has an undue influence over the inhabitants of this county of Macon, Missouri.

"3rd, that the information and knowledge of the existence of the causes for a change of venue, as herein alleged, first came to affiants this day, and after filing a reply in this cause, and that this application for a change of venue is made as soon as they, the affiants, acquired information and knowledge of the existence of the causes for a change of venue, as hereinbefore stated; and that such knowledge and information came to plaintiffs since the adjournment of the last term of court, and after filing their reply to defendant's answer.

"MARTHA H. DOUGLASS,
"THOMAS H. DOUGLASS."

The application being taken up, the defendant objected to the court granting the change of venue as prayed for by plaintiff, for the reason that no notice of the intended application had been served upon him or his client as required by law, and that the cause has been set down for trial, and that it is out of time, informal, and irregular.

Whereupon the application was denied, a jury called, a trial had, and a verdict and judgment rendered for defendant for $2,327.85 on his counterclaim, which in time was duly entered in accordance with the prayer of defendant's answer. After the usual steps taken, the appeal is brought to this court.

Several errors are assigned, the first of which, the ruling of the court on the motion to change the venue, only will be considered, as upon its determination the judgment rendered therein must be reversed and the case remanded, to be proceeded with as provided by statute, as in cases where applications for change of venue have been sustained.

While applications of this character in so far as the

question as to whether their presentation is timely, or whether the notice of the intended filing of same is sufficient, or whether the application itself is sufficient as to substance and form, are addressed to the sound discretion of the court, when these questions are settled in the affirmative of the proposition, or when from the facts of the case they should have been so settled, the duty of the court in the premises is no longer discretionary, but imperative, and the change should go in favor of the litigant asking it as a matter of right, and not as a matter of favor or discretion.

Nor is the right of the applicant made to depend upon the finding of the court upon the questions of facts stated in the application, or upon the private knowledge or information of the court of the existence or nonexistence of the facts therein stated, but must be determined by what is judicially presented in due course of law, and this the office of the application can alone perform. If the application is in substantial compliance with the requirements of the statutes, the change must be granted. The statute is explicit. The words "a change of venue *may be* awarded in any civil suit," etc., as used in our statute, are clearly mandatory and not directory.

So we must conclude from an examination of the application filed in this case, that all the substantive facts were positively and affirmatively disclosed that are required for a change of venue under the provisions of our statutes by sections 2258 and 2260, and that the change should have been awarded, unless the court shall be of the opinion that the failure to give notice as required by section 2262 was fatal to the application on part of plaintiffs. The undue influence of the defendant over the mind of both the judge of the court as well as the inhabitants of the county wherein said court was sitting, is stated. Also the statement is

therein made with definiteness, that the knowledge of the existence of the cause for the change of venue first came to plaintiffs on the day of the filing of their reply, and after the filing of same, and that as soon as they acquired information and knowledge of the existence of the causes, on said day they made this application.

The application in this case was filed immediately on the convening of court at 1 o'clock in the afternoon of the day, and at the hour that the cause was set down for hearing. The information and knowledge of the existence of the undue influence of defendant over the mind of the judge of the court and of the inhabitants of the county, as alleged in the application, was first obtained since the filing of plaintiff's reply to defendant's answer, just previous to the noon adjournment of the court on that day, so that it is seen that the filing of the application for the change of venue was made as soon as possible after the receipt of the information, by plaintiff, of the existence of the prejudices that rendered the judge of the court an improper person to hear and determine the matter of their right in this litigation. To have delayed its filing longer for the purpose of preparing and having duly served upon defendant a notice of its intended filing, might have, in this case, rendered unavailing the information so lately acquired that entitled them to have the venue in the case changed, to avoid a trial where preconceived prejudice (as they allege) would operate against them.

The right of a change of venue, where the prejudice of the judge of the court or of the inhabitants of the county for or against one of the parties to a suit, certainly can not in all cases be held to rest upon the sole question whether or not the other party to that suit has or has not been notified of the contemplated filing of the application for the change. The right to a change of venue is bottomed and based upon the exist-

ence of the prejudice, and not upon the fact of the existence of a notice to the adverse party of the intended filing of the application for the change, and when the existence of the information of the prejudice comes too late to give the statute required notice, of section 2262 to the adverse party, the rights of the party against whom the prejudice exists should still be protected by the court. *Corpenny v. Sedalia*, 57 Mo. 88.

In this case the acquiring of the information of the prejudice and the filing of the application for the change of venue, in point of time, were practically the same, and the filing of the application in open court in the presence of the defendant and his attorney, and the immediate delivery of same thereafter as soon as the filing mark was indorsed upon it by the clerk, to the attorney of defendant by the attorney of plaintiffs (as was done in this case) was a substantial, if not a literal, compliance with section 2262, Revised Statutes, requiring reasonable notice to be given to the adverse party of the filing of the application, etc., if we felt constrained to hold that the provision as to notice was mandatory, inflexible, and of unvarying application, and not given as we think merely as a general rule for the guidance of the trial courts in the administration of its business. Statutes like this, having in view the pure and impartial administration of justice by unbiased courts and tribunals, should be liberally regarded and construed by the courts.

Here none of the reasons that dictated section 2262 of the statute, as a rule of procedure for the convenience and economy of the court and litigants, exists. The notice in this case could not have affected the court in the matter of the preparation, arrangement and adjustment of its docket for the trial of the issues at the particular time it was set down for hearing on the docket, as all that had been performed before the

existence of the prejudice was known, and as a necessary consequence, before the notice of the application on account of that ground could be given, to make unnecessary that preparation on part of the court. So also notice could not have been given in time to have stayed any of the preparations or cost of preparation on part of the defendant. Nor would the giving of notice under the facts of this case have lessened the cost and labor to the clerk or the sheriff in the preparation and service of the writs and process required, as all that had been performed before the existence of the facts was known to plaintiff, to make necessary the giving of the notice, to avoid the labor and expense of further costs of preparation on their part.

In fact, notice other than that given by the filing of the application, under the circumstances of this case, could have served no purpose other than the carrying out of an inflexible rule of practice which in nowise could affect the substantial rights of the parties. We do not think it was ever contemplated by the lawmakers in enacting section 2262 of our statute, that parties should under all circumstances be denied the benefits of our change of venue law unless they had previously complied with the provisions of that section strictly. Section 2262 is not to be held and treated as an absolute restriction on the change of venue act, but as a mere general rule as to the mode and manner of the procedure to be followed in availing one's self of the benefit of the act, which rule and designation must yield and give way, when its enforcement serves only the purpose to defeat the end the entire act had in view.

The want of notice should not in this case have defeated plaintiffs in their application for a change of venue, and as the application was otherwise in full compliance with the requirements of the statute, we

hold that the change should have been awarded as asked by plaintiffs. For which reason the judgment of the trial court will be reversed and case remanded to be proceeded with as if on the application for a change of venue sustained. All concur. BARCLAY, J., concurs in reversing and remanding.