ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant, v. BIG THREE MINING COMPANY et al., Respondents.

Springfield Court of Appeals, December 6, 1909.

1. **CHANGE OF VENUE: Application Alleging Disqualification of Judge: Statute Mandatory.** When the application for a change of venue alleges disqualification of the judge, the statute is mandatory. The court passes only on the reasonableness of the notice to the opposite party of the filing and on the sufficiency of the application.

2. ———: ———: **What May be Considered to Determine Good Faith of Applicant.** When the application for change of venue alleges disqualification of the judge, there is no provision of law for contesting the truth of the allegation. In determining the sufficiency of the application the court may consider what evidence there may be as to the good faith of the party making the application, but the only evidence that can be considered in that connection is the record, pleadings, files and proceedings in the court. The court cannot swear witnesses and reach a conclusion on their testimony.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

REVERSED.

*W. F. Evans, Edgar P. Mann* and *Joseph B. Todd* for appellant.

(1)   The court erred in overruling plaintiff's application for change of venue. Secs. 818, 821 and 822, Revised Statutes 1899; Corpenny v. City of Sedalia, 57 Mo. 88; Douglass v. White, 134 Mo. 228.

*Cole, Burnett & Williams* for respondents.

(1)   The court did not err in overruling plaintiff's application for a change of venue. State v. Davis, 203 Mo. 616; Railway v. Holladay, 131 Mo. 440; Walker v. Evans, 98 Mo. App. 301.

STATEMENT.—Action by plaintiff to enjoin defendants from so conducting mining operations as to endanger the supports of plaintiff's railroad and right of way. Cause set for trial November 12, 1908. On that day defendants filed amended answers in which they allege that the danger to plaintiff's support of its track was caused by its own acts in blasting near its track. This allegation was not in the original answer, and, therefore, raised a new issue. Plaintiff filed a replication denying the new matter in the answer, and also filed an application for a continuance, alleging surprise and inability to prepare to meet the new issue raised by the amended answer. That the new issue raised would require an investiagtion, and probably the securing of expert testimony. The court made an order of record by which it sustained the application for continuance and ordered the case continued until the next day, November 13th. The attorney for plaintiff imme-

diately announced in open court that he would file an application for a change of venue. On the convening of court the next morning, this application was filed, alleging prejudice of the judge, and that the knowledge of such prejudice came to the affiant on the preceding day, November 12th. The court had the attorney for plaintiff sworn and asked him some questions with a view to ascertain his good faith in filing the application for a change of venue, but elicited nothing, in our judgment, that tends in any way to impeach the good faith of the attorney in making the application. The court, however, found that the application was not made in good faith and overruled it, and, plaintiff refusing to proceed, dismissed its bill and dissolved the temporary injunction that had been issued, and plaintiff has appealed.

COX, J.—The only question to be determined here is the propriety of the court's action in overruling the application for change of venue. When the application alleges disqualification of the judge, there is no provision of law for contesting the truth of the allegation. The statute (R. S. 1899, sec. 822) provides, "When reasonable notice shall have been given to the adverse party, or his attorney of record, the court or judge, as the case may be, shall consider the application, and if it be sufficient, a change of venue shall be awarded. . . ." This statute is mandatory. [Douglass v. White, 134 Mo. 228.] There are but two things for the court to pass on, which are, is the notice to the opposite party, or his attorney of record, reasonable, and is the application sufficient. In this case, no objection was made by defendant on the ground of an insufficient notice. In fact, no objection at all seems to have been made by defendant, but the opposition to sustaining the application seems to have been confined to the court alone. In determining the sufficiency of the application the court may consider what evidence there may be as

to the good faith of the party making the application, but the only evidence that can be considered in that connection is the record, pleadings, files and proceedings in the court. If from an examination of these, it appears to be reasonably certain that the application is not made in good faith it may be overruled, but, in this investigation, the court cannot swear witnesses and reach a conclusion upon their testimony. In this case, defendants, on the day set for trial, filed amended answers, alleging new matter. Plaintiff at once moved for a continuance to enable it to prepare to meet this new issue. The court continued the case for one day only, when the application stated that it would be necessary for plaintiff to have time in which to investigate this matter, and that it would probably be necessary to secure in its behalf expert testimony. Plaintiff's attorney stated to the court that plaintiff would expect to bring witnesses from Saint Louis and Kansas City to Joplin to testify in its behalf in relation to the new matter alleged in the amended answer. If this were true (and nothing appears to the contrary), then the court knew when the application for continuance was sustained that plaintiff could not prepare for trial on the next day, and by setting the case for trial at that time did, in effect, deny the application for a continuance. Under the circumstances attending this matter it would seem that upon the injection into the case, upon the day set for trial, of so important an issue as that raised by the amended answers, that plaintiff ought to have been allowed a reasonable time to prepare to meet it, even though it might require a continuance for the term, and the failure of the court to grant it, may have caused the attorney for plaintiff to believe that the court was prejudiced. We think, under these circumstances, that plaintiff's attorney could not fairly be charged with bad faith in making the application for change of venue. There is nothing in the case of St. L. C. G. & Ft. S. Ry. Co. v. Holliday, 131 Mo. l. c. 452, cited by respond-

ents which conflicts with the views herein expressed. The judgment is reversed and the cause remanded with directions to set aside the order overruling the application for change of venue. All concur.