STATE BANK OF WILLOW SPRINGS, Respondent, v. G. S. ELGIN, Appellant.

Springfield Court of Appeals, June 5, 1920.

VENUE: Failure to Allow Time to Prepare Application for Change, Held Error. Where the court was insistent that a case should be tried at once and denied counsel's application for a few minutes' time to prepare an application for change of venue, stating that such change of venue would be denied, the court's action was erroneous; defendant's application for time being made as soon as possible after obtaining information from his client.

Appeal from Circuit Court of Texas County.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Lamar, Lamar & Lamar* for appellant.

(1) Under the circumstances shown in this case the court erred in arbitrarily denying counsel for defendant fifteen or twenty minutes time in which to prepare application for change of venue, and also in denying time in which to file an answer. There are many things which the law cannot regulate by fixed rule and which are left to the sound discretion of a trial court; but this is not an arbitrary discretion, and does not mean the arbitrary will, whim or caprice of a court, but is a legal discretion which must be exercised in a reasonable way conducive

to the ends of justice. 18 Corpus Juris, pp. 1136 and 1137, and cases cited; Words and Phrases (2 Series), p. 1263 (Judicial Discretion); Ault v. Grosclose, 61 Mo. App. 409; State v. Maddox, 117 Mo. 677; Nichol v. Hedley Grocer Co., 66 Mo. App. 321, 323; Feurt v. Carter, 174 Mo. 289, 299; State v. Lewis, 74 Mo. 222, 229; Garr-Scott Co. v. Nelson, 166 Mo. App. 51, 65; Campbell v. McCaskill, 88 Mo. App. 44, 50; Archer v. Insurance Co., 43 Mo. 434, 442; Shoe Co. v. Hillig, 70 Mo. App. 301, 308.    (a)   And the exercise of judicial discretion will be reviewed by an appellate court, and if it has been abused the case will be reversed.   4th Corpus Juris, p. 796, sec. 2753, and cases cited; In re Wilson, 95 Mo. 184; Cabanne v. Macadaras, 91 Mo. App. 70; Vastine v. Bailey, 46 Mo. App. 413, 416.    (b)   And the words, "abuse of discretion," as judicially understood, does not mean a willful abuse, or an intentional wrong, on the part of the trial court, but means, when considering all things, that recognized rules of procedure are so far ignored as to result in a substantial injustice.   4th Corpus Juris, pp. 797-798, and cases cited in notes 19 and 20.    (c)   In Shoe Co. v. Hillig (70 Mo. App. 309), in discussing a refusal of the court to wait a few hours until a witness could be brought in by attachment, it was said by Judge BLAND:  "It was error also to refuse a few hours delay until the sheriff could bring in the witness by attachment, which, as was shown by the affidavit, could be done in a short time, and which was done shortly after the close of the evidence.   Nor is there any answer to this assignment of error that plaintiffs did not ask the court to stop the argument of the case to the jury and permit them to put the witness on the stand."    (d)   Judge MARSHALL said in the Caster case (170 Mo. 299):  "And whilst this court is always loath to interfere with discretionary rulings of trial courts, nevertheless such rulings are not conclusive upon this court, and where they are interfered with it is because that discretion exercised by the trial judge is not a personal discretion but a judicial discretion, and because the ultimate responsibility for every judg-

ment rests upon the court of final resort to which the case is taken, and, therefore, that court is in duty bound to approve or reject all rulings of lower courts, even when made in the exercise of a judicial discretion. 17 Am. and Eng. Ency. of Law (2 Ed.), pp. 844-5, and cases cited in notes."

*Barton & Impey* and *John C. Dyott* for respondent.

(1) The contract pleaded and proved is one of indorsement. Maddox v. Duncan, 143 Mo. 613; Jacobs v. Gibson, 77 Mo. App. 244, 248; Markey v. Corey, 36 L. R. A. 117 and note; McNarry v. Farmers National Bank, 41 L. R. A. (N. S.), 1009 and note; Ireland v. Floyd, L. R. A., 1915C 661 and note; Copeland v. Burk, L. R. A., 1917A 1165 and note. (2) The court was very properly within his rights in declining the request of defendant for time to prepare an application for change of venue. The attention of the court is called to the record, pages 26 and 27, which clearly sets out the circumstances under which the change was requested. The application was not in time; "applications of this character in so far as the question as to whether their presentation was timely, or whether the notice of the intended filing of same is sufficient or whether the application itself is sufficient as to substance and form, are addresses to the sound discretion of the court." Douglas v. White, 134 Mo. 233 and 234, l. c.; Berlin v. Thompson, etc., 61 App. 239, 240, l. c.; Thompson v. Marshall, 50 App. 145; Lumber Co. v. Hoos, 67 App. 269, l. c.; Jenkins v. Hill, 57 Mo. 122; State v. Blitz, 171 Mo. 530-6. The statute must be strictly complied with, and unless complied with the application will have no force. Section 1929 Revised Statutes, 1909; Cases cited above. An appearance at the time set for trial with even a formal application comes too late and the change should be denied. Jenkins v. Hill, 57 Mo., 122; Bruce v. Hoos, 67 Mo. App. 264; Perry v. Roberts, 17 Mo., 36; 4 Ency. Pl. and Pr., 464.

BRADLEY, J..—The trial court declined to grant defendant a few minutes time in which to prepare and

file an affidavit and application for a change of venue, and the correctness of that action is the only question here. Plaintiff in separate counts sued to recover on two promissory notes in which defendant was the named payee. He had sold the notes to plaintiff bank and had indorsed them over. The makers had not paid them, and plaintiff bank proceeded against defendant. Suit was filed returnable to the November term, 1918, of the circuit court. Defendant filed a motion to make the petition more definite and certain alleging that the second count was indefinite in that defendant could not determine therefrom whether he was being sued as an indorser or guarantor. The motion was overruled, but the cause was continued, reason not stated, and plaintiff filed an amended petition endeavoring to meet the objections raised in the motion. This amended petition was filed on July 8, 1919, and at the August term thereafter defendant again filed his motion to make more definite and certain. The case appeared on the docket for the third day together with a number of other civil cases, eleven of which appeared on the docket ahead of this case. The criminal cases were set for the first two days. At the close of the second day the criminal docket was not disposed of, and none of the eleven cases appearing on the docket ahead, of this case had been disposed of or called. On Tuesday night, the night of the second day of the term, defendant, an old man, who resides at Cabool, a town some few miles from the county seat, called his attorney and inquired if his case would be called for trial on the next day, Wednesday. His attorney advised him that in his judgment the case would not be reached, and also advised him of the condition of the docket, and the pending motion.

On the next morning, the court called the civil docket. When defendant's case was reached, the motion to make more definite and certain was taken up, argued and overruled. When the motion was overruled plaintiff's attorney stated that he desired a trial as soon as possible, and the court asked defendant's attorney if he was ready. Defendant's attorney thereupon advised the court of the conversation with his client the night before, and prom-

ised to have defendant present as soon as possible. Be-
fore defendant's attorney had time to communicate with
his client, a case was called in which said attorney was
engaged until noon. At the noon hour he called his client
and advised him to come at once. Defendant arrived in
the court room about the middle of the afternoon, and at
that time his attorney was engaged in a trial. When the
cause then on trial was finished, the court again called
this case. Defendant's attorney stepped back in the
court room to speak to his client. The court was insis-
tent that this cause proceed and stated that "defendant
must go to trial," and defendant sitting in the court
room and seeing the situation advised his attorney that
he desired a change of venue on account of the bias and
prejudice of the judge, and instructed his attorney ac-
cordingly. Defendant's attorney walked back in front of
the bench and informed the court that his client desired
to take a change of venue on account of the bias and
prejudice of the judge, and knowledge thereof had come
to defendant since reaching Houston, the county seat.
Defendant's attorney, therefore, requested a few minutes
time to prepare the affidavit for such change. The court
in reply stated: "That he thought some good faith should
go with such things, and that such a change of venue
would be denied, or rather no time would be granted to
prepare such papers, and told counsel for plaintiff to pro-
ceed with their case."

Defendant's attorney in his affidavit filed with the
motion for new trial and considered in passing on the
motion stated that his request for time to prepare said
affidavit was in good faith, and in response to the request
of his client, and that he had no reason to question the
good faith of his client. Defendant in a similar affidavit
stated that he was in good faith in asking for a change of
venue. Defendant's affidavit also set up his defense,
and states that it is meritorious. His attorney's affidavit
states that from the statements made to him by defendant
he believes that defendant has a good legal defense to
the cause of action. When time was denied the court in-
quired of defendant's attorney if he desired a jury, and

said attorney advised that he did not. The trial thereupon proceeded before the court. At the close defendant's attorney called the court's attention to the fact that no answer had been filed, and the court replied that if he had asked for time in which to file an answer it would have been granted.

Defendant urges that he has not been accorded a square deal, and insists that the cause be reversed and remanded. In Douglass v. White, 134 Mo. 228, 54 S. W. 867, the cause was reversed and remanded because the court refused to grant a change of venue to the plaintiffs. The cause was filed returnable to the March term, 1893. At that term the defendant appeared and filed a motion to require a cost bond, and this motion was sustained, a cost bond ordered filed in vacation, and the cause continued to the September term. Plaintiffs failed to file the cost bond, but on the second day of the September term, the day the cause was set down for hearing, defendant filed answer setting up a counterclaim. Plaintiffs then asked for a continuance which was refused, whereupon plaintiffs asked leave to take a nonsuit, and defendant objected. The court advised plaintiffs that they could take a nonsuit as to the cause of action stated in their petition, but that the cause would stand for trial on defendant's counter-claim. Plaintiffs then declined to take a nonsuit, and asked leave to examine the answer and file reply, and said that they would go to trial if the court would give them until one o'clock of that day. This was just before the noon adjournment. At one o'clock plaintiffs' attorney in open court filed and passed to defendant's attorney an affidavit and application for a change of venue. The application being taken up defendant objected to the granting of the change because no notice of the intended application had been given. The change of venue was denied, and the cause proceeded resulting adversely to plaintiffs. Discussing the application in the Douglass case the Supreme Court said: "The application in this case was filed immediately on the convening of court at one o'clock in the afternoon of the day, and at

the hour that the cause was set down for hearing. The information and knowledge of the existence of the undue influence of defendant over the mind of the judge of the court and of the inhabitants of the county, as alleged in the application, was first obtained since the filing of plaintiff's reply to defendant's answer, just previous to the noon adjournment of the court on that day, so that it is seen that the filing of the application for the change of venue was made as soon as possible after the receipt of the information, by plaintiff, of the existence of the prejudice that rendered the judge of the court an improper person to hear and determine the matter of their right in this litigation.''

In that case as we see the filing of the application was made by plaintiffs as soon as possible after obtaining the information upon which it was based. In the case at bar a request for time to prepare an application was made by defendant as soon as possible after obtaining the information upon which he proposed to base his application. The action of the court in the instant case was in fact tantamount to denying the change on application in due form, because the court stated ''that such a change of venue would be denied.'' If defendant had in fact filed his application the court under the authority of Douglass v. White, supra, would have been compelled to grant it; and if defendant was entitled under the law to the change, the court could not deprive him of that right by refusing to grant a few minutes time in which to prepare the application. In the Douglass case the applicants for the change had stated that they would go to trial at one o'clock, and at that hour appeared with an application for a change of venue, and had given no notice, and it was held error not to grant it. In the Douglass case the court further said: ''While applications of this character in so far as the question as to whether their presentation is timely, or whether the notice of the intended filing of same is sufficient, or whether the application itself is sufficient as to substance and form, are addressed to the sound discretion of the court, when these questions are settled in the

affirmative of the proposition, or when from the facts of the case they should have been so settled, the duty of the court in the premises is no longer discretionary, but imperative, and the change should go in favor of the litigant asking it as a matter of right, and not as a matter of favor or discretion.''

We think that the learned trial court should have granted defendant a reasonable time in which to prepare and file his application, and to deny him this right was under the circumstances unjustifiable. The cause should, therefore, be reversed and remanded, and it is so ordered.

*Sturgis, P. J.,* and *Farrington, J.,* concur.