**STATE ex rel. INTERSTATE MOTOR FREIGHT SYSTEM, INC., a Corporation, Relator,**

v.

**Honorable Harry A. HALL, Judge, Circuit Court of Jackson County, Respondent.**

No. 52170.

Supreme Court of Missouri, En Banc.

Dec. 30, 1966.

M. D. Blackwell, William H. Sanders, Thomas I. Osborne, Kansas City, J. M. Neath, Jr., Warner Norcross & Judd, Grand Rapids, for relator, Caldwell, Blackwell, Sanders & Matheny, Kansas City, of counsel.

Walter R. James, James, McFarland & Trimble, North Kansas City, Lane D. Bauer, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, for respondent.

DONNELLY, Judge.

This is an original action in prohibition. Relator, Interstate Motor Freight System, Inc., is a Michigan corporation. Respondent is Judge of Division 10 of the Circuit Court of Jackson County, Missouri.

On October 4, 1962, Interstate entered into an agreement with Eaton Truck Lines, Inc. for the sale by Eaton to Interstate of an Interstate Commerce Commission Certificate for the sum of $105,000, with the sale contingent upon authority from the Interstate Commerce Commission for Interstate to operate under said Certificate. Subsequent to execution of the agreement, various actions transpired before the Interstate Commerce Commission and in the Federal judicial system involving the authority of Interstate to operate under the Certificate. .

On August 7, 1964, a suit was filed in Jackson County Circuit Court by Francis M. Sharp, an Eaton shareholder, against Eaton, and others, expressing dissatisfaction with Eaton's corporate management and seeking the appointment of a receiver. Interstate was not a party defendant in this proceeding. A receiver was appointed by Respondent. On April 8, 1965, and May 19, 1965, Respondent issued show-cause orders commanding Interstate to appear before him and show cause why the agreement of sale between Eaton and Interstate should not be declared terminated. There is some question whether these orders had legal validity because of the methods used to attempt service of process on Inter-

state. However, we do not rule these issues here.

On June 29, 1965, the receiver, in behalf of Eaton, and with leave of court, filed a "third-party petition" praying in substance that the Respondent declare that Interstate has no further right to purchase the Certificate and for orders enforcing such declaration. This pleading is not of a type contemplated in S.Ct. Rule 52.10, V.A. M.R., and § 507.080, RSMo 1959, V.A.M.S. However, we will not concern ourselves so much with a mere name as with the essence of the matter. The "third-party petition" seeks a judicial declaration as to contract rights and obligations between Eaton and Interstate.

On July 23, 1965, Interstate filed a petition for removal of the "third-party action" to the Federal Court in Kansas City, Missouri, and filed its Answer there on July 27, 1965. On September 13, 1965, the cause was remanded to the Circuit Court of Jackson County, Missouri. On March 18, 1966, the receiver requested a trial setting on the issues raised in the "third-party petition." On March 24, 1966, Interstate petitioned for change of judge in the "third-party action" on the grounds of bias and prejudice. On April 19, 1966, Interstate's petition for change of judge was denied by Respondent and a show-cause order was issued ordering Interstate to appear and show cause why it should not be enjoined from proceeding further with any action concerning the Certificate. Interstate petitioned this Court and our preliminary rule in prohibition issued May 11, 1966. We determine whether our preliminary rule should be made absolute.

■ Respondent first contends that Interstate's petition for change of judge was properly denied because the "third-party action" is not a "civil suit" within the contemplation of S.Ct. Rule 51.03, V.A.M.R. (See § 508.090, RSMo 1959, V.A.M.S.).

In Hayes v. Hayes, 363 Mo. 583, 588, 252 S.W.2d 323, 327, a "civil suit" was characterized as an independent proceeding "by

which rights of private individuals are protected or enforced." Whether or not Interstate is entitled to a change of judge is dependent upon whether the issues raised in the "third-party action" are normally part of the routine administration of the receivership or constitute separate triable issues which have the characteristics of a separate cause of action. Whatever it may be named, the "third-party action" was instituted by the receiver against Interstate to enforce a civil remedy, it is an adversary proceeding, and it contemplates a determination of substantial rights. It is a substitute for a separate suit. Dold Packing Co. v. Doermann (8 Cir), 293 F. 315. We are of the opinion it is an independent proceeding and is a "civil suit" within the contemplation of S.Ct. Rule 51.03, V.A.M.R.

Respondent next contends that Interstate's petition for change of judge was properly denied because (1) the petition did not sufficiently allege when Interstate obtained knowledge of the alleged prejudice of Respondent; (2) Interstate failed to give notice of filing of the petition to parties other than the receiver; and (3) the petition was not timely filed, was not made in good faith, and was part of a studied pattern of delay.

In Douglass v. White, 134 Mo. 228, 233, 234, 34 S.W. 867, 868, it was stated: "While applications of this character in so far as the question as to whether their presentation is timely, or whether the notice of the intended filing of same is sufficient, or whether the application itself is sufficient as to substance and form, are addressed to the sound discretion of the court, when these questions are settled in the affirmative of the proposition, or when from the facts of the case they should have been so settled, the duty of the court in the premises is no longer discretionary, but imperative, and the change should go in favor of the litigant asking it as a matter of right, and not as a matter of favor or discretion.

"Nor is the right of the applicant made to depend upon the finding of the court upon the questions of facts stated in the application, or upon the private knowledge or information of the court of the existence or nonexistence of the facts therein stated, but must be determined by what is judicially presented in due course of law, and this the office of the application can alone perform. If the application is in substantial compliance with the requirements of the statutes, the change must be granted."

■ The petition for change of judge was filed March 24, 1966. The petitioner alleged that knowledge of prejudice and bias was obtained within five days of filing of the petition. The affidavit annexed was subscribed and sworn to March 22, 1966. This constituted substantial compliance with S.Ct. Rule 51.06, V.A.M.R. (See §§ 508.120 and 508.130 RSMo 1959, V.A.M.S.).

■ The petitioner gave notice of its petition for change of judge to the receiver and his attorney. This was sufficient. We have held the "third-party action" was an independent proceeding involving Eaton, through its receiver, and Interstate. Petitioner was not required to serve notice on other parties to the receivership proceeding.

■ Respondent asserts the petition for change of judge was not timely and was not made in good faith because it was filed one and one-half years after the receivership proceedings were commenced and nine months after the making of certain remarks by an attorney for Interstate in a Federal Court proceeding indicating he was of the opinion that Respondent did not "particularly care what our rights are." We have held the "third-party action" was an independent proceeding. On March 18, 1966, a trial setting on the "third-party action" was first requested. It then became evident that if Respondent is prejudiced and biased Interstate would be legally subjected to such prejudice and bias, imagined or otherwise. It is not essential that preju-

**682**

dice and bias be exhibited by an isolated statement made by a judge. *Knowledge* of the existence of prejudice and bias may come to a litigant as a result of an accumulation of *information* which finally convinces the litigant that he cannot have a fair and impartial trial before a particular judge and should disqualify him. On the record in this case, we are of the opinion that the petition for change of judge was timely and was made in good faith. The petition for change of judge should have been sustained.

 We recognize that in State ex rel. Brady v. Evans, 184 Mo. 632, 83 S.W. 447, a contested election case, it was held that prohibition did not lie to prohibit the judge from proceeding in that case after his disqualification was sought. The basis for the decision was that appeal was an adequate remedy. However, where remedy by appeal is inadequate, as in this case, we will interfere by the remedy now asked. St. Louis, K. & S. R. Co. et al. v. Wear, 135 Mo. 230, 36 S.W. 357, 658, 33 L.R.A. 341.

We hold Interstate is entitled to a declaration of its rights, if any, to the Interstate Commerce Commission Certificate by a judge other than Respondent. It follows that the show-cause order of April 19, 1966, which attempts to ignore the "third-party action" and to summarily dispose of such declaration, cannot stand.

Respondent is directed to take no further action on the show-cause order or on receiver's "third-party action" against Interstate inconsistent with the views expressed herein.

The preliminary rule in prohibition should be made absolute. It is so ordered.

HYDE, HOLMAN, HENLEY and FINCH, JJ., and WOLFE, Special Judge, concur.

STORCKMAN, C. J., concurs in result only on ground that relator was entitled to have its rights determined in a plenary action in another forum and not as an adjunct of the receivership, and, therefore, the respondent lacked jurisdiction to make the order to show cause.

EAGER, J., not sitting.