[No. 17581.   Department Two.   October 19, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Malcolm Douglas, as Prosecuting Attorney of King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Austin E. Griffiths, Judge, Respondent.*[1]

VENUE (18)—CRIMINAL LAW (35)—CHANGE OF VENUE—BIAS OF JUDGE—RIGHT OF STATE—STATUTES. The state is entitled to a change of judges in a criminal case, on account of the prejudice of the trial judge against the prosecuting attorney, under Rem. Comp. Stat., §§ 209-1, 209-2, authorizing, in general terms, a change in any action for prejudice against any party or attorney appearing in the cause.

SAME (20)—CHANGE—TIME FOR APPLICATION—ARRAIGNMENT ON CRIMINAL CHARGE. Under Rem. Comp. Stat., § 209-1, *et seq.*, which requires that a demand for a change of judges on account of prejudice of the judge be made at the first appearance of the party, the state's demand for a change in a criminal case may be made at the time of the arraignment of the prisoner.

Application filed in the supreme court September 25, 1922, for a writ of mandate to compel the superior court for King county, Griffiths, J., to grant a change of judges.   Granted.

*Malcolm Douglas* and *Bert C. Ross,* for relator.

*C. W. Strother,* for respondent.

HOVEY, J.—The relator, Malcolm Douglas, as prosecuting attorney of King county, Washington, applied for and secured in this court an alternative writ of mandate requiring the respondent, Austin E. Griffiths, a superior judge of King county, Washington, to transfer a certain criminal case entitled "The State of Washington v. Pete Harting" to another superior judge in said county, and directing the respondent to

[1]Reported in 209 Pac. 1097.

take no further step or proceeding in relation to said cause other than to enter the order of transfer, or to show cause before this court why such transfer has not been granted.

Upon the return day, respondent filed a written motion asking that the writ be modified in accordance with § 36, Rem. Comp. Stat., and § 24, of art. 4, of the constitution of the state of Washington, and with the rules of the superior court of King county, Washington, and the general laws of this state. The section of the statute and the provision of the constitution referred to provide that the superior courts shall make rules for their government. Upon the argument, however, the question submitted to this court is the right of the state to have a change of judges in a criminal case, under the provisions of §§ 209-1 and 209-2, Rem. Comp. Stat., which read as follows:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court, or apply to the governor to send a judge to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court." Rem. Comp. Stat., § 209-1.

"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot,

have a fair and impartial trial before such judge: Provided, further, that no party or attorney shall be permitted to make more than one application in any action or proceeding under this act." Rem. Comp. Stat., § 209-2.

And there was presented the further question of whether such right, if it does exist, can be exercised at the time the prisoner is arraigned; which is the situation involved in the present case.

The first point has never been expressly passed upon by this court, although in *State ex rel. O'Phelan v. Superior Court,* 88 Wash. 669, 153 Pac. 1078, the affidavit had been made by the prosecuting attorney and the court had made the order transferring the cause and no question was raised as to the correctness of this proceeding, and it was further held that by such action the judge against whom the affidavit had been filed did not have the power to order a change of venue asked for by the defendant. That the statute applies in a criminal case where the defendant is the applicant was expressly decided in *State v. Vanderveer,* 115 Wash. 184, 196 Pac. 650.

It is contended by respondent that the statute is not intended to give this right to the prosecution, inasmuch as the state is representative both of the prosecution and the defendant, and the judge and the prosecuting attorney are simply officers to perform public functions. Theoretically, of course, the prosecuting attorney, in his capacity as a public official, represents the defendant as well as the state, to the end that he should secure for the defendant any rights to which the latter may be justly entitled, and should endeavor to procure convictions only in cases where the law and evidence require such action. But in actual practice, the trial of a criminal case does not differ materially

from that of any other law suit.   The defendant has his special counsel, who can fully protect his rights and who possesses no such tender consideration of the rights of the state, and if a prosecutor is going to perform his full duty he must in the first instance secure for the trial of the cause a judge and a jury who are impartial.   It will be noted that this statute makes, as grounds for change, not only prejudice against the party, but also against the attorney, and it is evident that the legislature realized that judges are but human and might be influenced in their rulings and decisions by prejudice entertained against an attorney in the cause.   In the trial of a criminal cause the prosecuting attorney is the attorney for the public, as represented by the state, and comes within the express language of the statute and, we believe, within its intent.   We conclude that an order of transfer should be made in a criminal case upon a proper showing of the prosecuting attorney.   There seems to be but one other case on this point.   *State v. Brown*, 8 Okl. Cr. 40, 126 Pac. 245.   In that case the supreme court of Oklahoma reaches the same conclusion:

" 'It is a guaranty of the administration to the people of justice without prejudice, not only in those actions in which they seek to enforce their private rights and individual rights, but also in those brought by them for the enforcement of their associate and collective rights as a body politic.   The latter are just as important to them as the former, and so intimately correlated with them that the violation of the public right usually involves the violation of a private right, which can be adequately protected only by due enforcement of a public right.' "

But it is strenuously urged by the respondent that this right should not be exercised upon the defendant's appearing for arraignment, as this is a perfunctory

proceeding preliminary to the trial of the cause. It is true that, in most criminal cases, the court is not called upon to exercise any discretion at this time, but it marks the first step when the judge actually assumes control of the defendant and cases may arise, and in fact have arisen, where the judge must exercise discretion. There may be a question as to whether the defendant has in fact plead, or what is the nature of his plea; questions may arise as to the mental condition of the defendant, or the defendant may plead guilty, whereupon the court is called upon to impose sentence.

But aside from these considerations, the party to a cause is not to be deprived of the right given him by the statute because of its being made too early, as if he waits for what may be assumed to be the appropriate time he may be too late.

We have held in several cases that the motion must be made on the first appearance and before the judge has made any order or ruling involving discretion. *State ex rel. Talens v. Holden,* 96 Wash. 35, 164 Pac. 595; *State ex rel. Dunham v. Superior Court,* 106 Wash. 507, 180 Pac. 481; *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 185 Pac. 628; *State ex rel. Sheehan v. Reynolds,* 111 Wash. 281, 190 Pac. 321; *State ex rel. Davis v. Superior Court,* 114 Wash. 335, 195 Pac. 25.

We conclude that the prosecuting attorney was within his legal rights in making this application, and the temporary writ will be made permanent except as to its provisions as to the change commanded. Respondent complains because the change required by the temporary writ is a transfer to some other judge of the superior court of the state of Washington for King county, whereas the statute gives him several alternatives, and the permanent writ will direct that

the respondent transfer the cause in the manner pre-
scribed by the statute.

PARKER, C. J., MACKINTOSH, BRIDGES, and MAIN, JJ.,
concur.