**FITCH v. STAR-TIMES PUB. CO., Inc.**

No. 43572.

Supreme Court of Missouri.
Division No. 2.

Dec. 14, 1953.

Edward T. Wright, St. Louis, for appellant.

Cobbs, Blake, Armstrong, Teasdale & Roos and Henry C. M. Lamkin, St. Louis, for respondent.

## WESTHUES, Commissioner.

This is a libel suit filed by plaintiff Dorothy Fitch against the defendant Star-Times Publishing Company. Plaintiff asked for $50,000 actual and $50,000 punitive damages. A trial resulted in a verdict for the defendant. From the judgment entered, plaintiff appealed.

The only point made in plaintiff's brief is that "The trial Court erred in not granting a new trial where defendant failed to prove facts sufficient to establish a legal defense to plaintiff's claim." Such an assignment does not present any question for our review. The burden of proof was on plaintiff to establish her claim against the defendant. Conley v. Crown Coach Co., 348 Mo. 1243, 159 S.W.2d 281, loc. cit. 283

(1–3). A defendant is not required to introduce any evidence in support of a verdict in his favor. Wiener v. Mutual Life Insurance Co. of New York, 352 Mo. 673, 179 S.W.2d 39. A jury may not believe that a plaintiff has proved his case and, therefore, find for the defendant.

Plaintiff in the argument of her brief says, "The plaintiff's evidence as to the defamation and as to the damages was overwhelming." After reading the record, we find that we cannot agree with plaintiff. The record discloses the following: In 1948, plaintiff was operating a drugstore in Creve Coeur, St. Louis County, Missouri. On August 21, 1948, a man entered the drugstore, drew a revolver, threatened plaintiff, and pushed her down into the basement of the building. He took her purse and a canvas bag which contained about $260. Plaintiff notified the police and the State Patrol and through a car license number, obtained by plaintiff, the officers apprehended William Scott. Scott was charged with first-degree robbery by means of a dangerous and deadly weapon and it was also alleged that he had previously been convicted of a felony and had been discharged from the penitentiary after serving his sentence.

When the case was called for trial, Scott was permitted to plead guilty to robbery and was given the minimum sentence of five years' imprisonment in the State Penitentiary. The case had attracted more than usual attention and the daily papers of St. Louis had published a number of articles concerning the robbery. In the articles, plaintiff had been commended for her alertness and her aid in apprehending Scott. After the plea of guilty was entered, the defendant Star-Times published an account of the court proceedings. In the account in the paper, it was stated that an assistant prosecuting attorney, in explaining why such a plea had been accepted and light sentence imposed, declared it was not according to the wishes of the prosecuting attorney but because Miss Fitch's attitude had been "completely antagonistic," her

cooperativeness "absolutely nil," and her behavior as a witness "stupid and ignorant." That was the basis of this libel suit.

While the criminal case was pending against Scott, the defendant's (Scott's) attorney took plaintiff's deposition. When she was called as a witness, she refused to testify for the reason that she had no confidence in the reporter who was to take the evidence. Another reporter or stenographer was employed and then Miss Fitch testified. When the case was called for trial in the circuit court, Miss Fitch refused to testify because she objected to the circuit judge before whom the case was pending. She wanted the judge disqualified; not only that, but she designated only one of the four judges in the circuit as satisfactory to try the case. Her objections to the judge were that the judge had, during the World Fair in 1904, been entertained by the father of the attorney who was defending Scott; that a certain lawyer in St. Louis County was a half brother of the judge and this attorney had been in a case wherein the plaintiff was a party; also that she had at one time lodged a complaint with the Bar Association against this attorney. Miss Fitch testified that the judge had promised her a change of venue. When asked what the judge said, she stated that the judge told her, "If that is how you feel, Miss Fitch, I will see if Mr. Denny will give you a change of venue." Mr. Denny was the attorney for the defendant. To demonstrate the attitude of Miss Fitch as a witness, we quote the following from her evidence:

"Mr. Lamkin: I asked her if she didn't tell Mr. Hough the Assistant Prosecuting Attorney of St. Louis County, Missouri, she would not testify against William Scott in Judge ———'s court. A. The statement I made in the open courtroom—the two attorneys were arguing before the judge and Mr. Hough said he was ready, or the Prosecuting Attorney's lawyer said he was ready, I think that was Hough that day. Mr. Denny said

he wasn't ready. So I walked up before the judge and the judge looked at me and I said, 'Your Honor, I believe I am to be a witness for the State in this case, but I have asked for a change of venue.' Judge ——— said, 'You have no right to a change of venue.' I said, 'I refuse to sign that deposition until I get a change of venue,' and he said, 'You have no right to a change of venue,' and I said 'Count me out as a witness for the State until I get a change of venue.' He said, 'You have no right to a change of venue, be seated.' And then he invited me into chambers so we could talk this over."

Whether the State should ask for a disqualification of a judge must be decided by the prosecuting attorney. State ex rel. McAllister v. Slate, 278 Mo. 570, 214 S.W. 85, 8 A.L.R. 1226; Rule 30.12 of the Rules of Supreme Court, Criminal Procedure. Occasions are rare when the State requests or should request that a judge be disqualified. Certainly a witness has no right to disqualify a trial judge.

In libel suits, juries are the sole judges of the law of libel. Art. 1, Sec. 8, Constitution of Missouri, 1945, V.A.M.S.; Sec. 559.440, V.A.M.S.; 53 C.J.S., Libel and Slander, § 223b, page 340, and Missouri cases there cited. We have concluded that plaintiff's own evidence justified a jury in finding that the article complained of was not, in the circumstances, libelous, and if libelous, that it was true.

The defendant Star-Times filed a motion for attorneys' fees and expenses of appeal to be taxed against plaintiff. The grounds assigned were that the appeal was "bottomless, vexatious and frivolous." Sec. 512.160(4), V.A.M.S. Exercising our discretion in the matter, we deny the motion without further comment.

The judgment is hereby affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.

LEEDY, P. J., and ELLISON, J., concur.

TIPTON, J., concurs in result.