STATE of Missouri ex rel. The Honorable Gene McNARY, Prosecuting Attorney, St. Louis County, Missouri, Relator,

v.

The Honorable Douglas L. C. JONES, Judge, Division Five, Twenty-first Judicial Circuit Court, St. Louis County, Missouri, Respondent.

No. 34249.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 6, 1971.

Application to Transfer Denied Dec. 13, 1971.

Gene McNary, Pros. Atty., Donald J. Weyerich, First Asst. Pros. Atty., Michael Turken, George Westfall, Asst. Pros. Attys., Clayton, for relator.

Heneghan, Roberts & Godfrey by Carl R. Gaertner, St. Louis, for respondent.

Charles Blackmar, Harold C. Gaebe, Jr., St. Louis, for Metropolitan Bar Ass'n of St. Louis, amicus curiae.

Lashly, Caruthers, Rava, Hyndman & Rutherford by Albert J. Stephan, Jr., St. Louis, for 21st Judicial Circuit Court en Banc, amicus curiae.

PER CURIAM:

Original proceeding in prohibition by the relator Prosecuting Attorney to bar the respondent Circuit Judge from proceeding in a criminal case after the Prosecuting Attorney under Rule 30.12 [1] had filed in three days the ninth consecutive affidavit to disqualify the Judge.

As far as material here Rule 30.12 states: "The judge shall be disqualified if the defendant or the prosecuting attorney shall file an affidavit stating the defendant or the state cannot have a fair and impar-

1. All rule numbers refer to Supreme Court Rules, V.A.M.R., and all section numbers refer to RSMo 1969, V.A.M.S.

tial trial by reason of the interest or prejudice of the judge." We note initially that Rule 30.12 originally granted only the defendant, not the state, the right to disqualify the trial judge upon affidavit. By its amendment to Rule 30.12, effective May 15, 1957, the Missouri Supreme Court extended that right to the state upon affidavit of the prosecuting attorney.

When the case of State of Missouri v. Michael Brockman was called on the Judge's May 20th docket the Prosecuting Attorney filed, as he had in the preceding eight cases assigned to the Judge, a motion to disqualify the Judge supported by the following affidavit: "Comes now the Prosecuting Attorney, Gene McNary, and having been duly sworn upon his oath states and avers that to the best of his knowledge, information and belief, the State of Missouri cannot receive a fair and impartial trial by reason of the interest and prejudice of the Honorable Douglas L. C. Jones, Judge, St. Louis County Circuit Court."

The Judge stated he could not "go behind the affidavit" but opined nonetheless that it was "not filed in good faith" and in order "to get this thing off the ground" he then denied the motion to disqualify and subject to leave to the Prosecuting Attorney to apply for a writ of prohibition ordered him to proceed to trial. That same day we granted our preliminary writ. In due time the Judge filed his return thereto and both parties have filed briefs. By leave the Twenty-first Judicial Circuit Court and the Bar Association of Metropolitan St. Louis have filed amicus curiae briefs. All have made oral arguments. The briefs and oral arguments of counsel are examples of the finest professional advocacy.

A preliminary issue concerns the pleadings. The Prosecuting Attorney's petition pleaded his affidavit and motion to disqualify were made in good faith. By his return the Judge pleaded that the Prosecuting Attorney's affidavit was filed in bad faith. Although we granted the Prosecuting Attorney seven days to file a reply he did not do so. The Judge now contends the Prosecuting Attorney has thereby admitted the Judge's allegation of the Prosecuting Attorney's bad faith. The judge relies on an abstract statement, apparently obiter, in State ex rel. Reeves v. Brady, Mo., 303 S.W.2d 22 [1]. Cases therein cited hold that in a prohibition case material allegations of new matter in a return are taken as confessed if not denied by a reply. The Judge's allegation of the Prosecuting Attorney's bad faith certainly was not new matter; it merely traversed the Prosecuting Attorney's allegation of good faith. We hold the Prosecuting Attorney has not admitted the Judge's charge of bad faith.[2] We move on to the merits.

Statutes, court rules and case law aside, plausible philosophical arguments can be made both for and against a litigant's right to disqualify a judge. Judges are members of an honorable profession, are selected for their high positions by the composite will of the people, and each has sworn to perform his duties faithfully. A judge's ability and determination to afford a fair and impartial trial should not be frivolously challenged. Certainly no member of the bar, in keeping with the highest traditions of his profession, should participate in the disqualification of a judge without a profound conviction that the interest of his client requires such drastic action. Nonetheless, no system of justice can function at its best or maintain broad public confidence if a litigant can be com-

2. Under Rule 97.03 a relator in prohibition *may* plead to a return, *if desired.* Further, by Civil Rule 97.01, V.A.M.R., pleadings in prohibition shall generally conform to rules of civil procedure. Rule 55.01 does not require a reply to an answer unless the answer seeks affirmative relief or the court orders a reply to be filed, and Rule 55.11 states: "Averments in a pleading to which a responsive pleading is not filed and is not required shall be taken as denied or avoided."

pelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced. Admittedly, a litigant's challenge to a judge's ability to afford a fair trial may ruffle the judicial feathers and at times, as here, may snarl the smooth flow of a court's docket. Under Rule 30.12 that is the price to be paid for a judicial system that seeks to free a litigant from a feeling of oppression.

Our statutes and court rules have attempted to forge a link between these opposing philosophies. This by enacting parallel systems for changes of judges in both civil[3] and criminal[4] cases. The right to disqualify a judge is not unlimited; it is circumscribed in several ways: time of filing, notice, form of affidavit, limit to one disqualification and judicial selection of the new judge. But neither civil nor criminal system makes any requirement for proof of prejudice upon the timely filing of a proper affidavit.

A host of Missouri cases[5] has held that when a timely affidavit in proper form is filed the judge may not question its merits but must then disqualify himself and take prescribed steps to obtain another judge. In the early case of Douglass v. White, 134 Mo. 228, 34 S.W. 867 (1896), the supreme court ruled that upon the timely filing of an affidavit of disqualification proper in form "the duty of the court in the premises is no longer discretionary, but imperative, and the change should go in favor of the litigant asking it, as a matter of right, and not as a matter of favor or discretion." The latest case in point is State ex rel. Johnson v. Green, Mo., 452 S.W.2d 814 (1970), a prohibition case in which the respondent judge denied the relator's motion for a change of judge in a criminal case. After noting there were no issues raised as to timeliness, form, or sufficiency of the relator's supporting affida-

vit, the court referred to relator's right to a change of judge under Rule 30.12 as "unconditional" and said: "Therefore, the duty of the respondent judge to grant the change of venue was mandatory and he exceeded his jurisdiction when he refused to do so."

We hold that under the plain wording of Rule 30.12, as interpreted by *Green*, the right to a change of judge depends on the litigant's sworn belief that the judge is interested or prejudiced rather than on proof of the fact that the judge is interested or prejudiced. Under that rule, the Prosecuting Attorney was entitled to a change of judge, the Judge erred in denying the motion and is exceeding his jurisdiction by proceeding with the case.

In reaching this conclusion we have considered but cannot accept the Judge's other arguments. These in turn.

First, the Judge challenges the form of the affidavit of disqualification since it is based on the Prosecuting Attorney's best knowledge, information and belief rather than on truth. The Judge cites Kelch v. Kelch, Mo.App., 462 S.W.2d 161, holding that under Rule 51.06, applying to civil cases, an application for a change of judge was defective when the applicant failed to swear to the truth thereof. Rule 51.06 does require an averment of truth in the applicant's affidavit and also an averment of the applicant's good faith. But because of the difference in rules *Kelch* is not in point. Rule 30.12, in issue here, makes no requirement either to truth or good faith; it merely requires an affidavit that the state cannot have a fair trial because of the judge's interest and prejudice. To that the Prosecuting Attorney did swear "to the best of his knowledge, information and belief."

---

3. Generally, see §§ 508.090 to 508.140 and Rules 51.03 to 51.08.

4. Generally, see §§ 545.650 to 545.690 and Rules 30.12 to 30.16.

5. For example, see cases annotated under § 545.660, note 13; Rule 30.12, notes 12, 13; and 17 Mo.Dig., Judges, ■■■■

In further challenge to the form of the Prosecuting Attorney's affidavit the Judge cites State v. Irvine, 335 Mo. 261, 72 S.W. 2d 96, but that case lends support to the Prosecuting Attorney. In that case an earlier disqualification statute required an affidavit stating that the judge will not afford the defendant a fair trial. The defendant swore only that he so *believed*. In holding this substantially complied with the statute the court said: "A similar contention was answered, and we think correctly, adversely to the State in State v. Duckworth, supra. As there said,—'They [the affiants] might believe it, but they could not, in the very nature of things, know of a certainty how nor in what manner the judge would be unfair, if permitted to try the case. All they could do, if honest and sincere, was to swear that they believed that he would not afford the defendant a fair trial.' The courts will not so construe a statute as to make it require an impossibility or to lead to absurd results if it is susceptible of a reasonable interpretation." We deny the Judge's challenge to the form of the affidavit of disqualification.

The Judge further contends he was justified in concluding the Prosecuting Attorney's affidavit of disqualification was made in bad faith because it was the ninth such affidavit filed by the Prosecuting Attorney in three days; this demonstrated the Prosecuting Attorney was acting out of "personal pique."

■ The parties differ about whether these other prior affidavits could be considered by the Judge. We have been cited to nine cases [6] assertedly holding that a trial judge, in passing on the good faith of an affidavit of disqualification, may consider the court's own records. These cases are readily distinguishable. All but one [7] dealt with changes of judges in civil cases. As pointed out, truth and good faith are necessary allegations under Civil Rule 51.06 but unnecessary under Criminal Rule 30.12. Those cases are not controlling here. Neither the trial court nor this court is entitled to go behind the allegations in the Prosecuting Attorney's affidavit.

■ The Judge further argues that by what he terms the Prosecuting Attorney's wholesale disqualifications he is usurping a judicial function contrary to Article II, Section 1, of the Missouri Constitution, V. A.M.S. This, argues the Judge, because the assignment of cases to the various divisions of the Twenty-first Judicial Circuit Court, as directed by § 478.450, is a judicial function now being thwarted by the Prosecuting Attorney's conduct in preventing the Judge from trying criminal cases. We see no such usurpation of the judicial function. At most the Prosecuting Attorney is thwarting the judicial function of one of the circuit's fifteen judges and he is free to serve in other capacities in that court. Any administrative inconvenience caused by the Prosecuting Attorney in the state's behalf is of insufficient moment to destroy the state's clear right to disqualify a judge under Rule 30.12. Compare State ex rel. McAllister v. Slate, 278 Mo. 570, 214 S.W. 85, 1.c. 92, holding that the compulsory disqualification of a judge "presents no difficulties either insuperable or insolvable" even in a one-judge circuit.

■ As an adjunct to his constitutional contention the Judge argues that if the Prosecuting Attorney sincerely believes the

6. State ex rel. Ford v. Hogan, 324 Mo. 1130, 27 S.W.2d 21; Douglass v. White, 134 Mo. 228, 34 S.W. 867; Padberg, v. Padberg, Mo.App., 78 S.W.2d 555 [2]; Fitch v. Star-Times Pub. Co., Inc., Mo., 263 S.W.2d 32; Browder v. Milla, Mo. App., 296 S.W.2d 502 [10]; Erhart v. Todd, Mo., 325 S.W.2d 750 [1]; Pippas v. Pippas, Mo.App., 330 S.W.2d 132; In the Matter of Estate of Boeving, Mo. App., 388 S.W.2d 40; State ex rel. Darling and Co. v. Billings, Mo., 435 S. W.2d 377 [2].

7. Fitch v. Star-Times Pub. Co., Mo., 263 S.W.2d 32, merely held that in a criminal case only the Prosecuting Attorney may invoke Rule 30.12 on behalf of the state.

Judge is prejudiced in all criminal cases the Prosecuting Attorney is obliged to institute impeachment proceedings against the Judge. We reject this, commenting only that such an issue is utterly foreign to this prohibition proceeding.

 Last, the Judge argues we should appoint a judge or referee to hear evidence on the issue of the Prosecuting Attorney's good faith. Rule 97.04 says an appellate court *may* direct an evidentiary hearing to determine an issue of fact. At most that procedure could only probe the verity of the Prosecuting Attorney's affidavit that he *believes* the state cannot have a fair trial before the respondent judge. We deem that to be an ineffective and impermissible procedure under Rule 30.12, which under the Green case, supra, gives the state an unconditional right to disqualify the Judge upon timely filing a proper affidavit of disqualification.

We distinguish the cited case of State ex rel. McAllister v. Slate, 278 Mo. 570, 214 S.W. 85 [13], which speaks of an evidentiary hearing without commenting on whether it was a matter of right. But there, under the existing statute, the judge's prejudice was a question of fact. The change-of-judge statute there (§ 5198, RSMo 1909) allowed the defendant but not the state to have a change of judge upon affidavits; the state was held to be entitled to a change of judge only when the judge's interest or prejudice was "either admitted or proven." Since its amendment in 1957 Rule 30.12 has extended to the state the same right as a defendant to disqualify a judge upon the affidavit of a prosecuting attorney. As said, under the wording of that rule, as interpreted by Green, supra, the right to a change of judge depends on the litigant's sworn belief that the judge is interested or prejudiced rather than on the evidentiary fact that the judge is interested or prejudiced. It follows that McAllister v. Slate, supra, is not authority for the Judge's contention that we should conduct an evidentiary hearing.

We believe the issue here is properly determinable by the terms of Rule 30.12 and decline the Judge's request that we resort to an evidentiary hearing.

We can only conclude that under Rule 30.12 as interpreted by the supreme court in the Green case, supra, the relator was entitled to a change of judge and that the respondent is exceeding his jurisdiction in remaining in the case. Our preliminary writ is made permanent.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.