STATE v. DONALD KRASKA.

201 N. W. 2d 742.

October 6, 1972—No. 43637.

*Julius A. Coller II,* Shakopee City Attorney, pro se, for petitioner.

*Kermit J. Lindmeyer,* pro se, for respondent.

*Curtis D. Forslund,* Solicitor General, and *Peter W. Sipkins,* Special Assistant Attorney General, for Warren Spannaus, Attorney General, amicus curiae.

*C. Paul Jones,* State Public Defender, amicus curiae.

*Phyllis Gene Jones* and *Esther M. Tomljanovich,* for Minnesota Urban County Attorneys Board, amicus curiae.

PER CURIAM.

In a criminal proceeding in Scott County, the city attorney for the city of Shakopee filed an affidavit of prejudice against the presiding judge. The judge disregarded the affidavit and set the hearing before him at a future date. This court, upon application of the city attorney for a writ of prohibition, ordered the judge to refrain temporarily from proceeding until the further order of this court. The attorney general, the state public defender, and the Minnesota Urban County Attorneys Board were then invited to participate in this proceeding by filing

briefs amici which, together with the briefs of the parties, have been considered by this court.

Two separate Minnesota statutes, Minn. St. 487.40 (applicable to county courts), and § 542.16 (applicable to district courts) establish the right of litigants to file affidavits of prejudice and procedures by which they may do so. The instant matter arises from a criminal action in the County Court of Scott County and directly involves an interpretation of Minn. St. 487.40, subd. 2,[1] which provides in part as follows:

"Any party or his attorney, to a cause pending in a court, on or before ten days prior to the first day of a general, or five days prior to a special, term thereof, or, in any district having two or more judges, within one day after it is ascertained which judge is to preside at the trial or hearing thereof, or at the hearing of any motion, order to show cause, or argument on demurrer, may make and file with the clerk of the court in which the action is pending and serve on the opposite party an affidavit * * * and thereupon such judge shall forthwith, without any further act or proof, secure some other judge of the same or another district to preside at the trial * * *. In criminal actions such affidavit shall be made and filed with such clerk by the defendant, or his attorney, not less than two days before the expiration of the time allowed him by law to prepare for trial * * *."

It is clear from the law of this state the statute in question should be liberally construed. Wiedemann v. Wiedemann, 228 Minn. 174, 36 N. W. 2d 810 (1949).

In construing Minn. St. 487.40, subd. 2, it apppears to us by the plain language used that the state has a right to file an affidavit of prejudice in a criminal case. The state is a "party" in any litigation in which it is involved, including criminal prosecutions. A criminal prosecution is a "cause pending in a court" and is thus within the terms of the statute. The statute clearly gives (1) all litigants the right to file affidavits of prejudice within certain time limits, and (2) criminal defendants the right to file affidavits within an expanded time limitation. We therefore direct that the writ be made absolute.

Legislative history supports this conclusion. In 1895 the forerunner of Minn. St. 542.16 (statute applicable to district court) provided that "in any civil action pending in a district court of this state, any party to the action" may file an affidavit of prejudice. L. 1895, c. 306, § 1. The

---

[1] Minn. St. 487.40, subd. 2, part of the County Court Act, L. 1971, c. 951, is derived from Minn. St. 542.16, an identical statute except for its application to district rather than county courts.

Revision Commission of 1905 modified the language of the 1895 statute by replacing "in any civil action" with the phrase "any party * * * to a cause," the language which is contained in existing legislation. This was a marked change in the statute; the words of limitation—"any civil action"—were stricken. The respondent takes the position that the legislature could not have intended such a drastic revision in the law by the mere approval of the commission's proposed revision. The opposite has been held by this court. In In re Estate of Cravens, 177 Minn. 437, 225 N. W. 398 (1929), this court considered the effect of a modification of probate law by the 1905 Revision Commission. The statute prior to 1905 required the signature of a testator at the end of a will. The revision of 1905 dropped the language which required the signature at the end of the will and simply required that the will be in writing and signed by the testator. In interpreting the post-1905 statute, the court stated that "intention to change meaning may as clearly appear from the omission of old as by adding new language," and said:

"* * * So when in the presence of two such long-existing and conflicting notions of what should be required a statute literally requiring signing at the bottom is changed to demand literally a mere signing, we think the intention is expressed to change the law accordingly. Such marked changes are made even in a general revision, and cannot be ignored. [Citation omitted.] Such a change, 'made in clear and unambiguous terms must be given effect.' " 177 Minn. 440, 225 N. W. 399.

The pre-1905 affidavit of prejudice statute limited to civil actions the right of the State of Minnesota to file an affidavit of prejudice. The 1905 statutory revision omitted this limitation. This is a marked change indicating that the legislature fully intended that under Minn. St. 542.16, the State of Minnesota should have the right to file an affidavit of prejudice in criminal actions.

It is here contended that the last sentence of § 487.40, giving the defendant the right to file an affidavit of prejudice not less than 2 days before the expiration of time allowed by law to prepare for trial, indicates an intention on the part of the legislature to limit the right to file such affidavits to defendants in criminal cases. We reject that contention because of the otherwise clear and unambiguous language of the statute giving this right to "any party." We think that the legislature intended nothing more by the last sentence of § 487.40 than to give the defendant in a criminal case more time to file an affidavit of prejudice than other parties might have.

It is contemplated that neither prosecutors nor defense counsel as

officers of the court will abuse the right to file affidavits of prejudice.[2] The writt is made absolute.

[2] Attention is called to A. B. A. Standards for Criminal Justice, The Prosecution Function and the Defense Function, Prosecution Function, § 2.9(a, c), (Approved Draft, 1971) which provides: "(a) It is unprofessional conduct for a prosecutor intentionally to use procedural devices for delay for which there is no legitimate basis.

\* \* \* \* \*

"(c) It is unprofessional conduct to misrepresent facts or otherwise mislead the court in order to obtain a continuance."

Also, Defense Function, § 1.2 (b), (c), provides: "(b) It is unprofessional conduct for defense counsel to misrepresent facts or otherwise mislead the court in order to obtain a continuance.

"(c) It is unprofessional conduct for defense counsel intentionally to use procedural devices for delay for which there is no legitimate basis."

"Unprofessional conduct" denotes conduct subject to disciplinary action pursuant to the Code of Professional Responsibility (adopted August 4, 1970, 286 Minn. ix) DR 1-102(A)(4), which provides that a lawyer shall not: "(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."