JACK MANNING, *Sheriff
Of Fayette County*

*v.*

DILLARD INGE, *Magistrate Of
Fayette County*, RUTH DODD, *Clerk Of
The Magistrate Court Of Fayette County*,
AND KENNETH HAWVER
(No. CC926)
Decided March 5, 1982.

*Paul M. Blake, Jr.,* for plaintiff.

*Hamilton & Mooney and Kevin B. Burgess* for defendants.

McHUGH, JUSTICE:

This action is before this Court upon certified questions from the Circuit Court of Fayette County, West Virginia, and a May 21, 1981, order of that court which remanded the underlying criminal action in this case to the Magistrate Court of Fayette County for disposition on the merits. The certified questions were docketed by this Court by order entered September 8, 1981.[1] The facts from which the certified questions arise are undisputed.

On December 4, 1980, Deputy D. E. Brown of the Fayette County Sheriff's Office filed an information for an arrest warrant with Magistrate Dillard Inge. The information filed by the deputy alleged that Kenneth Hawver had sold beer without a license to do so. Magistrate Inge issued a warrant for Hawver's arrest. A hearing on the charge was scheduled for December 12, 1980, in magistrate court. The State was granted a continuance until December 29, 1980.

On December 22, 1980, Deputy Brown filed an affidavit of prejudice against Magistrate Inge. The affidavit alleged that Magistrate Inge had counseled with the defendant Hawver's attorney about the merits of the case and was prejudiced against Deputy Brown. The affidavit

---

[1] *See W. Va. Supreme Court R.App.P.* 13; *W. Va. Code,* 58-5-2 [1967].

was executed on a form provided by this Court. It was signed by Deputy Brown. Upon receiving the affidavit Magistrate Inge informed Deputy Brown, and the prosecuting attorney's office, that he would hear argument on the affidavit prior to the trial of Hawver's case on December 29, 1980.

The defendant, Hawver, appeared before Magistrate Inge as scheduled. The State, however, failed to appear at the hearing. The Magistrate found the defendant not guilty of the crime with which he was charged.

The following day, December 30, 1980, the Sheriff of Fayette County, Jack Manning, filed a petition for a writ of prohibition in the Circuit Court of Fayette County. The circuit court issued the writ on the same day and heard argument on it on January 6, 1981. On May 21, 1981, the circuit court held that the affidavit of prejudice was proper and the filing of the affidavit had the effect of barring further proceedings by Magistrate Inge. Consequently, the circuit court held that Magistrate Inge's judgment entered on December 29, 1980, after the filing of the affidavit, was void.

The circuit court also certified three questions to this court on May 21, 1981. The questions were certified upon joint application of the parties to the prohibition action.

I. WHETHER THE STATE OF WEST VIRGINIA IS ENTITLED TO FILE AN AFFIDAVIT UNDER § 50-4-7 OF THE CODE OF WEST VIRGINIA AS AMENDED, FOR REMOVAL OF A CASE FOR BIAS OR PREJUDICE OF A MAGISTRATE?

We answer this question in the affirmative. *W. Va. Code*, 50-4-7 [1978], provides, in part:

> Any party to a civil or criminal proceeding before a magistrate in any county wherein there is more than one magistrate may file an affidavit that the magistrate before whom the matter is pending has a personal bias or prejudice either against him or in favor of any opposite party or

that such magistrate has counseled with any opposite party with respect to the merits of the proceeding. The affidavit shall state the facts and reasons for belief in the truth thereof. Such affidavit must be filed at least two days before the trial or hearing date unless the grounds for such affidavit are not discovered until after such time. The supreme court of appeals shall provide a form affidavit which shall be made available to all parties and which shall comply with the requirements of this section.

The Sheriff argues that the affidavit filed by Deputy Brown on December 22, 1980, met the procedural requirements of the above quoted statute. The affidavit was on a form provided by this Court.[2] The sheriff argues that the use of the term "any party" in *W. Va. Code*, 50-4-7 [1978], indicates an intent on the part of the Legislature in enacting the statute to allow the State to file such an affidavit in a criminal case.

The magistrate admits the attractiveness of the Sheriff's argument but says that it is superficial and over simplified. Citing *State v. Critzer*, ___ W. Va. ___, 280 S.E.2d 288 (1981), the magistrate argues that, due to the State's official role in the criminal justice system, the State cannot be said to be an adversary party in a criminal action. He argues that the duty of the trial judge and the prosecutor is to insure a fair trial. From the positions and duties of those officials within the criminal justice system the magistrate would have us come to the conclusion that the State cannot be said to be a party in a criminal case.

---

[2] The form provides:
I, ___, plaintiff or defendant, believe that Magistrate ___, before whom this case is pending, has: A personal bias or prejudice against me or in favor of another party to this case; or Counseled with the other party with respect to the merits of the proceeding. The facts and reasons for this belief are: ___.
The form provides a space for a date, a signature and a witness' signature. The form in this case was one provided by this Court. Deputy Brown, however, struck the words "plaintiff or defendant" in the form and substituted the words "complaining witness."

An argument very similar to that advanced by Magistrate Inge was considered in *State ex rel. Douglas v. Superior Court of Washington for King County*, 121 Wash. 611, 209 P. 1097 (1922). In rejecting that argument the Supreme Court of Washington said:

> It is contended by respondent that the statute is not intended to give this right to the prosecution, inasmuch as the state is representative both of the prosecution and the defendant, and the judge and the prosecuting attorney are simply officers to perform public functions. Theoretically, of course, the prosecuting attorney in his capacity as a public official represents the defendant, as well as the state, to the end that he should secure for the defendant any rights to which the latter may be justly entitled, and should endeavor to procure convictions only in cases where the law and evidence require such action. But in actual practice the trial of a criminal case does not differ materially from that of any other lawsuit. The defendant has his special counsel who can fully protect his rights, and who possesses no such tender consideration of the rights of the state, and if a prosecutor is going to perform his full duty he must, in the first instance, secure for the trial of the cause a judge and a jury who are impartial. ... In the trial of a criminal cause the prosecuting attorney is the attorney for the public as represented by the state, and comes within the express language of the statute, and we believe within its intent. We conclude that an order of transfer should be made in a criminal case upon a proper showing of the prosecuting attorney.

209 P. at 1098. The statute in that case gave the right to "any party" to move for disqualification of a judge. *Id.*

Jurisdictions with statutes similar to *W. Va. Code*, 50-4-7 [1978], consistently hold that the State is a party to criminal proceedings for the purposes of the statute. *See State ex rel. Brown v. Dewell*, 131 Fla. 566, 179 So. 695 (1938); *State v. Kraska*, 294 Minn. 540, 201 N.W.2d 742 (1972); *State ex rel. Tittmann v. Hay*, 40 N.M. 370, 60 P.2d 353 (1936); *State ex rel. Douglas v. Superior Court, supra.*

Other jurisdictions reach similar results on the basis of court rules or explicit statutes. *See Peters v. Jamieson*, 48 Hawaii 247, 397 P.2d 575 (1964); *Allen v. Bach*, 233 Ky. 501, 26 S.W.2d 43 (1930); *Ex parte Howell*, 273 Mo. 96, 200 S.W. 65 (1918); *State ex rel. McNary v. Jones*, 472 S.W.2d 637 (Mo.App. 1971); *State v. Brown*, 8 Okla.Crim. 40, 126 P. 245 (1912).

The State represents the people and society in a criminal case. The State is as much entitled to an impartial judge as is the defendant. The goal of the criminal justice system is the determination of truth and the rendition of justice. Bias or prejudice against either party on the part of a judicial officer impairs that end. The State must be allowed to challenge a judicial officer who exhibits bias or partiality either against the State or for a defendant in a criminal case. Unless *Code*, 50-4-7 [1978], authorizes the filing of an affidavit of prejudice by the prosecuting attorney, there would be no method to remedy or prevent potential abuses of the criminal justice system which could result if a judicial officer is biased against the State or for the defendant in a criminal case. We, therefore, hold that the State is a party to a criminal proceeding for the purposes of *W. Va. Code*, 50-4-7 [1978], and the prosecuting attorney may file an affidavit alleging that a magistrate before whom the criminal proceeding is pending has a personal bias or prejudice either against the State or in favor of the defendant or that he has counseled with the defendant respecting the merits of the proceeding.

## II. WHETHER THE AFFIDAVIT REQUIRED UNDER THE AFORESAID WEST VIRGINIA CODE SECTION MAY BE EXECUTED BY A COMPLAINING WITNESS (IN THIS CASE, A DEPUTY SHERIFF) OR WHETHER THE SAME MUST BE EXECUTED BY THE PROSECUTING ATTORNEY ON BEHALF OF THE STATE OF WEST VIRGINIA?

Cases from other jurisdictions which have considered similar issues have uniformly allowed the prosecuting attorney, as the representative of the State, to file for

removal of a judicial officer from a pending case on the grounds of bias or prejudice. *See State ex rel. Brown v. Dewell, supra; Peters v. Jamieson, supra; Allen v. Bach, supra; State v. Kraska, supra; Ex parte Howell, supra; State ex rel. McNary v. Jones, supra; State ex rel. Tittman v. Hay, supra; State v. Brown, supra; State ex rel. Douglas v. Superior Court, supra.* We have found only one case that considered whether a witness can cause the removal of a judge. In *Fitch v. Star-Times Publishing Co.,* 263 S.W.2d 32 (Mo. 1953), the Supreme Court of Missouri said: "Whether the State should ask for a disqualification of a judge must be decided by the prosecuting attorney. . . . Occasions are rare when the State requests or should request that a judge be disqualified. Certainly a witness has no right to disqualify a trial judge." 263 S.W.2d at 34.

This Court recently undertook an extensive review of a prosecutor's duties and functions in *State ex rel. Skinner v. Dostert,* ____ W. Va. ____, 278 S.E.2d 624 (1981). It was said there:

> As criminal offenses are offenses against the State which must be prosecuted in the name of the State . . . the prosecutor, as the officer charged with prosecuting such offenses, has a duty to vindicate the victim's and the public's constitutional right of redress for a criminal invasion of rights. The 'spirit of the law' has long been and it has been long held that 'the public has rights as well as the accused, and one of the first of these is that of redressing or punishing their wrongs.' (Citation omitted).

278 S.E.2d at 631. We held in that case that the prosecutor had discretion in control of criminal cases so long as he fulfills his duty to the people. We also held that the prosecutor alone is responsible for the decision to move for the dismissal of a warrant or indictment. It follows that the prosecutor is the proper State official to exercise the State's prerogative to seek the removal of a magistrate from a pending case under *W. Va. Code,* 50-4-7 [1978], when it is believed that the magistrate is biased or

prejudiced for or against a party or has discussed the merits of the case.[3]

It is admitted by the parties in this case that the decision to file the affidavit is a matter which lies within the discretion of the prosecuting attorney. The question presented by this case, however, is whether an affidavit signed by a complaining witness is sufficient to cause the disqualification of a magistrate or whether the affidavit must be signed by the prosecuting attorney. We hold that it must be signed by the prosecuting attorney. Presentation of the affidavit by the prosecuting attorney, signed by the prosecuting attorney, is the proper expression of that discretionary decision. Merely notarizing an affidavit signed by a complaining witness is not enough to evidence the proper exercise of a prosecuting attorney's discretion. The State is the party to the criminal case. The representative of the State in a criminal case is the prosecuting attorney. The complaining witness does not represent the State and cannot bind the State in this instance. The mere fact that in this case the complaining witness was also an employee of the State does not change the issue. As in the decision to dismiss a warrant or indictment, *see State ex rel. Skinner v. Dostert, supra,* the discretionary decision to move for the disqualification of a magistrate under *W. Va. Code,* 50-4-7 [1978], ultimately rests with the prosecuting attorney as the State's official representative

---

[3] This discretion, however, is not unbounded. First, *W. Va. Code,* 50-4-7 [1978], limits all parties, including the State, to one removal of a magistrate. Second, the statute requires the affidavit to be filed in good faith. The prosecutor must believe the truth of the allegations. Third, ABA *Standards for Criminal Justice,* Standard 3-2.9 (3d ed. 1980), provides: "A prosecutor should not intentionally use procedural devices for delay for which there is no legitimate basis. ... It is unprofessional conduct intentionally to misrepresent facts or otherwise mislead the court in order to obtain a continuance." As noted in *Kraska, supra:* " 'Unprofessional conduct' denotes conduct subject to disciplinary action pursuant to the Code of Professional Responsibility ... DR 1-102(A)(4), which provides that a lawyer shall not: '(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.' " 201 N.W.2d at 744, footnote 2. An identical provision is found in the West Virginia Code of Professional Responsibility, DR 1-102(A)(4).

in a criminal case. The exercise of that discretion must be properly evidenced by the execution of an affidavit by the prosecuting attorney.

> III. IN THE INSTANT CASE THE RESPONDENT MAGISTRATE REFUSED TO RECUSE HIMSELF AND SCHEDULED THE CASE FOR TRIAL; WHEN THE DEFENDANT APPEARED BUT THE STATE, BY ITS ATTORNEY AND COMPLAINING WITNESS, REFUSED TO APPEAR ON THE BASIS OF THEIR DEMAND FOR REMOVAL, THE MAGISTRATE PROCEEDED TO ENTER AN ORDER OF NOT GUILTY AND ALSO ORDERED THE RETURN OF CERTAIN EVIDENCE TO THE DEFENDANT. DOES THE ACTION OF THE MAGISTRATE IN SO DOING, EVEN IF IN CONTRAVENTION OF THE ABOVE CITED STATUTE, CONSTITUTE JEOPARDY SUCH AS TO PRECLUDE TRIAL OF THE DEFENDANT ON THE MERITS OF THE ALLEGED OFFENSE IN MAGISTRATE COURT.

In the first syllabus point of *Adkins v. Leverette*, 164 W. Va. 377, 264 S.E.2d 154 (1980), this Court held: "One is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn. *Brooks v. Boles*, 151 W. Va. 576, 153 S.E.2d 526 (1967)." *See also State v. Clawson*, 165 W. Va. 588, 270 S.E.2d 659 (1980).

The record in this case does not reveal that a jury was impaneled by the magistrate. Our consideration of this question, however, does not end with that observation. In *Brooks v. Boles, supra*, we said that jeopardy attached when the jury was sworn because the defendant was "then in danger of conviction and punishment." 153 S.E.2d at 530. Jeopardy means, in essence, the danger of conviction. *See, e.g., United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S. Ct. 1349, 51 L.Ed.2d 642 (1977); *Harris v. Young*, 607 F.2d 1081 (4th Cir. 1979), *cert. denied*, 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980); *Moore v.*

*Commonwealth*, 218 Va. 388, 237 S.E.2d 187 (1977); *Rosser v. Commonwealth*, 159 Va. 1028, 167 S.E. 257 (1933). In *Martin Linen Supply Co.*, *supra*, the United States Supreme Court said: "The protections afforded by the [Double Jeopardy] Clause are implicated only when the accused has actually been placed in jeopardy. ... This state of jeopardy attaches when a jury is empaneled or sworn, or, in a bench trial, when the judge begins to receive evidence." 430 U.S. at 569, 97 S.Ct. at 1353. In *Rosser v. Commonwealth, supra*, the Virginia Supreme Court said:

> [A] person has been placed in jeopardy when he has been indicted, arraigned, and has pleaded, and the jury impaneled and sworn to try the case; and in cases like the one at bar, where ... by consent the case is submitted to the court for trial without a jury, jeopardy begins after the accused has been indicted, arraigned, and has pleaded, and the court has begun to hear the evidence. That stage of the trial before the court is equivalent to the swearing of the jury, where a case is tried by jury.

167 S.E. at 259. We therefore hold that jeopardy attaches in a non-jury trial in a magistrate court which is exercising proper jurisdiction when the accused has been charged in a valid warrant and has entered a plea and the magistrate has begun to hear evidence.

In the case before us the defendant Hawver was never brought to trial. No witness was sworn in his case and the magistrate did not hear any evidence. Indeed, there is no indication in the record that Hawver had entered a plea to the crime charged. We are of the opinion, therefore, that Hawver was not placed in jeopardy and double jeopardy does not prevent his trial in magistrate court.[4]

---

[4] We also note that there is a question regarding the jurisdiction of the magistrate court at the time Hawver was found guilty. *W. Va. Code*, 50-4-7 [1978], requires the magistrate to "transfer all matters relating to the case" when an affidavit of prejudice is filed in a timely manner. In *State ex rel. Dostert v. Pedneau*, Submitted Order, No. 14847 (May 22, 1980, W. Va.), we said, "We can only conclude from the

For the reasons stated above in the answers to the questions certified to this Court, the ruling of the Circuit Court of Fayette County is affirmed insofar as it held the State to be a party to a criminal proceeding for the purposes of *W. Va. Code*, 50-4-7 [1978], and that the defendant in the underlying criminal case could be tried in the Fayette County Magistrate Court, but that ruling is reversed to the extent that it held that an affidavit of prejudice under *W. Va. Code*, 50-4-7 [1978], could be signed by a complaining witness in a criminal case.

*Reversed in part;*
*affirmed in part.*

literal terms of the statute that once the affidavit is filed the magistrate must remove himself from the case." That case made it clear that a magistrate against whom an affidavit of prejudice has been filed may not retain the case while he contests the merits of the affidavit. The case presently before us is different in that the affidavit is questioned not upon its factual basis but on its compliance with the formal procedural requirements.