**STATE of Missouri, Respondent,**

v.

**Ollie DIXON, Appellant.**

**No. 53585.**

Supreme Court of Missouri, Division No. 1.

Dec. 9, 1968.

Norman H. Anderson, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Harold A. Kyser, Belisle, McNabb & Kyser, Butler, attorney for appellant.

HENLEY, Presiding Judge.

This is an appeal by Ollie Dixon (hereinafter sometimes referred to as appellant) from an order overruling on July 22, 1967, his motion to vacate and set aside sentences and a judgment under which he is held in custody by the Missouri Department of Corrections. Rule 27.26.[1]

In October, 1965, an information was filed in the circuit court of Bates county, Mis-

souri, charging Ollie Dixon, alias Richard Divonne, with second degree burglary and stealing. Sections 560.070, 560.156 and 560.110.[2] The information further alleged that prior to this charge Dixon had been convicted of nine felonies in the state of Louisiana and sentenced and imprisoned for each in the penitentiary of that state. A Bates county jury found him guilty as charged. The court assessed his punishment and sentenced him to imprisonment for a term of ten years for burglary and five years for stealing, the sentences to run consecutively. Section 556.280. On appeal to this court that judgment was affirmed February 13, 1967. See State v. Dixon, 411 S.W.2d 185.

Appellant's motion alleges two grounds for setting aside and vacating his sentences and judgment in the burglary and stealing case: (1) that incriminating statements made by him were admitted in evidence against him in violation of his rights under the Constitution of the United States as interpreted and defined in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; (2) that the trial court was without jurisdiction to impose sentence, because it failed to comply with § 556.280 in that it did not make and enter findings (a) that Dixon had been convicted of and sentenced for one or more offenses punishable by imprisonment in the penitentiary, and (b) that he was thereafter imprisoned, fined, paroled or placed on probation therefor.

The second ground of the motion is the only point briefed by counsel on appeal. We conclude that for the reasons stated in that ground and point the order overruling the motion to vacate must be reversed and the cause remanded. Respondent frankly concedes that the point has merit and suggests that the judgment and sentences in the principal case (State v. Dixon, supra, No. 51,898 in this court, No. 33,613 in the trial court) should be set aside and further proceedings

1. References to rules are to Rules of the Supreme Court of Missouri and V.A. M.R.

2. Section references are to Revised Statutes of Missouri, 1959, and V.A.M.S.

had in that case in conformity with the procedure outlined in State v. Garrett, Mo., 416 S.W.2d 116, 120.

As to this point, we may and do take judicial notice of the trial proceedings in the principal case. State v. Johnstone, Mo., 350 S.W.2d 774, 776[1]. The transcript of those proceedings shows that the trial judge heard evidence of the prior convictions, sentences and subsequent imprisonments therefor, but it does not show that the court made and entered findings as required by § 556.280 (2). A certified copy of the trial judge's docket sheet, appended as a supplement to the transcript by order of this court pursuant to Civil Rule 82.12(c), shows: "Court finds evidence of former convictions sufficient to prove former convictions." This finding is not a sufficient compliance with the statutory requirements. State v. Garrett, supra, 416 S.W.2d l. c. 120[8].

For failure to comply with the statute the court was without jurisdiction to assess punishment and impose sentence. The order overruling appellant's motion to vacate is, for this reason, clearly erroneous, and must be reversed.

The sentences and judgment in the principal case must be set aside and further proceedings had in that case. To accomplish this, the judgment of this court affirming the judgment of the trial court must first be set aside. Accordingly, our judgment affirming the judgment of conviction is set aside and that case remanded to the trial court for further proceedings by an order entered in that case on the same date as that of the mandate in this case.

The trial court is directed to vacate and set aside the sentences and judgment in the principal case and bring the defendant, with counsel, before it at an appropriate time for further consideration of the evidence already submitted, and such additional evidence as may be submitted, on the issue of the applicability of the Habitual Criminal Act, § 556.280. The court shall thereupon make and enter findings as required by the statute. If the court finds one or more prior convictions, sentences and imprisonment or probation or parole therefor in accordance with § 556.280, it will proceed to grant allocution, impose sentences and render judgment; but, if not, a new trial shall be ordered, because a jury would then be entitled to assess the punishment. For further discussion of the procedure outlined above see State v. Hill, Mo., 371 S.W.2d 278, 282–283 and State v. Garrett, supra.

The order overruling the motion to vacate is reversed and the cause remanded for further proceedings in accordance with this opinion.

All concur.