**STATE of Missouri, Respondent,**

v.

**Charles Wayne VERMILLION, Appellant.**

No. 54220.

Supreme Court of Missouri,
Division No. 1.

Nov. 10, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

HOUSER, Commissioner.

Charged with and convicted by a jury of robbery in the first degree, under the

Second Offender Act, § 556.280, RSMo 1959, V.A.M.S., and sentenced by the trial judge to 50 years' imprisonment, Charles Wayne Vermillion has appealed to this Court on two grounds.

First, he claims that the circuit court lacked jurisdiction to impose sentence because it did not make the required finding under § 556.280, supra, which requires the trial judge to hear and determine "(e)vidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation * * * prior to the submission of the case to the jury, and the court shall enter its findings thereon." Appellant does not seek to impeach the proceedings on the ground that there was insufficient evidence to make a proper finding that he was priorly convicted, sentenced and subsequently imprisoned, etc. Appellant's complaint is that "the record discloses no determination by the court based upon this evidence * * *," citing State v. Garrett, Mo.Sup., 416 S.W.2d 116, and State v. Dixon, Mo.Sup., 434 S.W.2d 564. In Garrett the following finding was held insufficient compliance with the requirements of § 556.280: "The Court, being sufficiently advised in the premises, finds that the defendant has sustained a prior conviction, and orders the defendant tried as a habitual criminal." In Dixon the following entry was held insufficient: "Court finds evidence of former convictions sufficient to prove former convictions." In State v. Holmes, Mo.Sup., 434 S.W.2d 555 [7], the following finding was adjudged insufficient: "The Court finds that Exhibits 13 and 14 [the journal entry of the trial court showing the conviction and the defendant's record in the reformatory] are admissible in evidence and that they prove the prior conviction of the defendant * * *." The records in these three cases were incomplete and fragmentary. The findings referred only to prior convictions, omitting any reference to subsequent probation, parole, fine or imprisonment.

In Vermillion's case the trial judge made no finding of any kind prior to the submission of the case to the jury. As the last act in the state's case the original judgment entery showing a prior conviction and sentence, and the record of the department of corrections evidencing that defendant was incarcerated and received by the department, were offered and received in evidence. The state then closed its case. At that stage of the proceedings there is no record of any minute or docket entry, written memorandum or court order, or other record entry of any kind indicating the action taken by the court on the matter. Nor does the transcript reveal any oral statement made by the judge at that time indicating the court's determination or findings on the matter. The record is silent. Subsequent developments indicate that the court considered the Second Offender Act applicable: The instructions and verdict forms did not authorize the jury to assess a penalty upon a finding of guilt, and the verdict simply found that defendant was guilty of robbery, first degree, as charged in the information, without assessing punishment.

After the verdict was read in open court, the judge stated that he interided to assess the punishment at that time, and made this statement, which was taken down by the court reporter:

"Gentlemen of the jury, in most cases in the State of Missouri, the jury upon a finding of guilt fixes the penalty. That was not done in this case because under our statute where the filing of an information indicates and proves that the defendant has had prior felony convictions, under our so-called Second Offenders Act or the Habitual Criminal Act, the punishment is left to the Court upon a finding of guilty by a jury, and the Court at this time intends to assess punishment upon the defendant in accordance with the jury's finding of guilty of Armed Robbery and Robbery First Degree.

"This defendant has a prior conviction of the crime of Armed Robbery for which he was sentenced to a term of five years in the custody of the Missouri Department of Corrections. That sentence was commuted after serving approximately two and one-half years in December, 1967.

"This jury has now found him guilty of another act of Armed Robbery in January, 1968, approximately two weeks after the one sentence was commuted, and in addition to that, this defendant has been convicted of auto theft, of assault, transportation of a stolen automobile in interstate commerce, and of statutory rape."

The court then fixed the punishment at 50 years' imprisonment.

■ The question is whether this oral statement of the trial judge, after verdict, made as an observation or "aside" for the edification of the jury, in explanation of the procedure to be followed by the court in sentencing defendant, constituted the entry of a court "finding" that the Second Offender Act was applicable, in compliance with the requirements of § 556.280. We hold it insufficient. There must be a further hearing on the issue of former conviction. Upon a proper finding in favor of the application of the Second Offender Act the circuit court will pronounce sentence and judgment against defendant "taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the issue of former conviction be found in favor of defendant to grant him a new trial on all issues." State v. Hill, Mo.Sup., 371 S.W.2d 278, l.c. 283.

■ Appellant's only other point is that the closing argument of the assistant prosecuting attorney was so prejudicial that it denied defendant a fair and impartial trial, wherein he called upon the jury to stop rising crime in Jackson County by cracking down on "these robbery fellows"; that the jury were the only people in the county who could convict anybody, and if the jury did not find this man guilty, "don't ask the question, 'Why don't they stop crime in Jackson County?'" This argument, which was connected with an effort to demonstrate the guilt of the defendant, was not objectionable. In his first argument the state's attorney had reviewed the evidence upon which state relied for a finding of guilty, pointing out the eyewitness identification, defendant's flight and the ensuing chase when the officers attempted to stop the defendant, and other incriminating particulars. In his closing argument he told the jury that this case is what is considered an "open-and-shut case," with two witnesses identifying defendant, and before making the argument now objected to reasoned that one upon whom a gun is held cannot forget but will remember the person holding the gun. The guidelines were recently reviewed in State v. Evans, Mo.Sup., 406 S.W.2d 612, 616–617 [3, 4]. There it was pointed out that the necessity of law enforcement as a deterrent to crime and the responsibility of trial juries in the suppression of crime are legitimate arguments as long as the state's attorney stays within the record and the reasonable inferences to be drawn therefrom and does not engage in an inflammatory appeal calculated to arouse the hostility of the jurors toward the defendant. On our review of this record we find no occasion for the trial judge to have interfered with the argument on his own motion.

Accordingly, the cause is reversed and remanded for the conduct of a hearing on the question of the applicability of the Second Offender Act and for a resentencing of the defendant or the granting of a new trial on all issues, depending upon the court's finding on such hearing.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., and HENLEY, Alt. J., concur.

STORCKMAN, J., absent.

HOLMAN, J., not sitting.