STATE of Missouri, Respondent,

v.

Freddy B. JOHNSON, Appellant.

Nos. KCD 28286, KCD 28339.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Motion for Rehearing and/or Transfer
Denied Aug. 2, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Douglas Mooney, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by the court of robbery, first degree. The question is the sufficiency of evidence. Affirmed.

On March 11, 1975, Edward O. Bruner was a manager of 8th Street News, an adult bookstore at 108 East Eighth Street, Kansas City, Jackson County, Missouri. Around 11:00 a. m., a Negro male entered the store and went to the rear of the store. He returned to the front of the store holding a blue steel revolver which he pointed at Mr. Bruner and demanded "all the money." In response, Mr. Bruner went to the cash register and gave his assailant the contents, "eighty dollars and some odd cents." The robber then took Mr. Bruner and two customers to the rear of the store and directed them to sit on the floor. As they moved to the rear of the store, another customer came in and he, too, was relieved of his money and directed to the rear of the store. The robber was in the store "between eight and ten minutes." Mr. Bruner viewed him for five or six minutes and made an in-court identification of defendant as the robber. He had previously identified defendant from an array of photographs and at a police line-up. As soon as the robber left the store, Mr. Bruner went to the front door and saw the robber "about 25 feet up the hill on 8th going toward Grand, that's to the east * * * I followed him on up to the corner of 8th and Grand * * *. He turned north on Grand and * * * went into the parking garage and a few seconds later, a Cadillac, it was dark green over light green, * * backed out at a high rate of speed and went north on Grand to 7th and made a right turn east on 7th and disappeared." Mr. Bruner described the robber to the investigating police officer as "approximately five foot seven or eight, weighed 175 to 180 pounds, was a little difficult to tell his build because he had on a loose fitting leather coat, brown coat. He was round faced, light complected and he was rather ruddy because it was a cold day. * * * he had a small mustache. No scars that I recall."

The customers in the store left without giving names or addresses.

Homer L. Waymon was employed at Grand Avenue Garage, 718 Grand, Kansas City, Missouri. A little after 11:00 a. m., March 11, 1975, "an older model Cadillac pulled in my driveway. * * * it's dark green or around some dark colored green. * * * there was a fellow driving it. * * * fellow run from the center of the street [Grand Avenue, coming from the south] jumped in it. * * * Backed out in the street and stopped traffic both ways and took off headed east." The man who jumped in the car was wearing a dark colored full length coat, "dark brown or maybe something of that nature."

Clarence C. Walton, Jr., of the Kansas City Police Department arrived at 108 East Eighth Street at 11:15 a. m. He found the till open and empty, and Mr. Bruner was the only person present. Mr. Bruner described the robber as a "Negro male, 20 to 25 years of age, five ten, 180, in a medium build, light complected and gentleman was wearing a brown hat of some type and a light brown [leather] coat."

■ The foregoing statement demonstrates a case of robbery, first degree, against Freddy B. Johnson in that it shows property (money) taken by him against the will of the possessor (Edward O. Bruner) by putting the possessor in fear of immediate injury by use of a dangerous and deadly weapon (a revolver). *State v. Payne,* 452 S.W.2d 805 (Mo.1970); *State v. Churchill,* 299 S.W.2d 475 (Mo.1957); *State v. Hawkins,* 418 S.W.2d 921 (Mo. banc 1967); *State v. Haislip,* 411 S.W.2d 81 (Mo.1967); §§ 560.120, 560.135, RSMo 1969; MAI–CR 7.62.

Appellant notes that the weapon was never produced at trial and that the amount of money involved was not supported by cash register records. He asserts that Mr. Bruner failed to note the presence of scars on defendant's face and was otherwise inconsistent as to be untrustworthy. He argues that the verdict is thus shown to be contrary to the weight of the credible evidence and that there was thus reasonable doubt as a matter of law.

■ The weight of the evidence (as opposed to the sufficiency of evidence) is not for review by an appellate court, *State v. Bizzle,* 500 S.W.2d 259 (Mo.App.1973); *State v. Woodard,* 499 S.W.2d 553 (Mo.App. 1973); *State v. Jones,* 363 Mo. 998, 255 S.W.2d 801 (1953); *State v. Harmon,* 243 S.W.2d 326 (Mo.1951); and conflicts, if any, in the evidence are for resolution by the trier of fact, *State v. Harmon, supra.*

Judgment affirmed.

All concur.