**STATE of Missouri, Plaintiff-Respondent,**

v.

**Terry BOLLINGER, Defendant-Appellant.**

**No. 10453.**

Missouri Court of Appeals, Springfield District.

Jan. 3, 1978.

Donald R. Rhodes, Bloomfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

Uttering forged check (§ 561.011 para. 1(3) V.A.M.S.); second offender (§ 556.280); 8 years.

The first point of defendant-appellant Terry Bollinger is that the evidence is insufficient to support the verdict in that "there was no evidence supporting a finding of forgery or that defendant forged the instrument or had knowledge of the instrument being forged."

In determining the sufficiency of the evidence this court must accept as true "all evidence in the record tending to prove the defendant guilty, whether such evidence is circumstantial or direct in nature, together with all favorable inferences that can reasonably be drawn therefrom." *State v. Kelly,* 539 S.W.2d 106, 109[2] (Mo. banc 1976).

On September 26, 1975, defendant presented to Jack Pullam, a service station attendant, a check dated 9–26–75, in the amount of $73.31, payable to Donald Williams. The check was a "company check" of John-Wayne Sales Company and purported to be signed on behalf of that company by C. L. Wayne. It was drawn on the Citizens Bank of Dexter, Missouri. The reverse side of the check bore the signature "Donald Williams." In handing Pullam the check, defendant referred to it as a "payroll check" and asked him to cash it. Pullam gave defendant $73.31 and took the check.

Wayne Glenn, the owner of John-Wayne Sales Company, identified the check as being on a printed form used by the company. He stated, however, that no one named C. L. Wayne or Donald Williams had ever worked for the company and he had no knowledge of any such person. No one so named had authority to write the check. "No one in the company wrote the check."

In June 1976, three weeks prior to the trial, defendant had a conversation with Pullam at the service station in which the defendant said that at the time he "wrote the check" he "needed the bread" and would pay Pullam back.

The foregoing evidence justified the jury in finding that the check was a forged instrument and that defendant, at the time he cashed it, knew that fact. *State v. West,* 487 S.W.2d 572, 574 (Mo.1972); *State v. Whitley,* 512 S.W.2d 840, 842–843 (Mo.App. 1974); *State v. Gantt,* 504 S.W.2d 295, 299–300 (Mo.App.1973).

Defendant's first point has no merit.

Defendant's second point is that the trial court erred in denying his motion for new trial "because the verdict was against the greater weight of the credible evidence because the state offered two witnesses, Jack Pullam and Helen Triplett, who offered contradictory testimony against the defendant."

Pullam and deputy sheriff Triplett were witnesses for the state. Defendant claims that their testimony was "contradictory" in that Pullam testified that he looked at certain photographs at the sheriff's office and Triplett testified that Pullam's inspection of the photographs took place at the service station.

It is not the function of this court to determine the credibility of the witnesses or to weigh the evidence. *State v. Small,* 423 S.W.2d 750, 751[2] (Mo.1968). The effect of conflicts in the evidence is a question for the jury. *State v. Turnbough,* 497 S.W.2d 856, 858[5] (Mo.App.1973); *State v. Johnson,* 539 S.W.2d 668, 669[2] (Mo.App.1976).

Defendant's second point has no merit.

Defendant's third point is that he was entitled to a new trial because of jury misconduct and that the trial court erred in failing to grant that relief. This claim of error was assigned initially in defendant's motion for new trial. At the hearing on that motion Mina Voss, who was a witness for defendant at the trial itself, testified that during a trial recess she saw Zural Satterfield, a witness for the state, conversing with a juror. The only portion of the conversation which Voss heard was the word "guilty," spoken by Satterfield.

Where a claim of misconduct on the part of a juror is first presented in a motion for new trial, "an affirmative showing must be made that defendant and his counsel were ignorant of the fact until after the trial." *State v. Reeder,* 394 S.W.2d 355, 357[1] (Mo.1965). This record contains no such showing. The point has not been preserved for appellate review. *Reeder,* supra; *State v. Turley,* 452 S.W.2d 65, 69[8] (Mo. 1970); *State v. Maples,* 96 S.W.2d 26, 30[13] (Mo.1936); *State v. McVey,* 66 S.W.2d 857, 859[7–9] (Mo.1933); *State v. Warren,* 469 S.W.2d 662, 663[2] (Mo.App.1971); *State v. Robbins,* 455 S.W.2d 24, 27[7, 8] (Mo.App. 1970).

Defendant's fourth point is that the court-imposed sentence of 8 years is excessive punishment for the offense involved. The limits contained in § 561.011 are "not less than two years nor more than ten years" for penitentiary imprisonment of its violators.

"The apparent severity of a sentence within the bounds prescribed by statute does not warrant interference by an appellate court." *State v. Booker,* 517 S.W.2d 937, 942[7, 8] (Mo.App.1974). To the same effect see *State v. Vermillion,* 486 S.W.2d 437, 441[9] (Mo.1972); *State v. Phillips,* 480 S.W.2d 836, 837[4] (Mo.1972); *State v. McCaine,* 460 S.W.2d 618, 621[7, 8] (Mo. 1970). The soundness of the rule has been questioned, *Vermillion,* supra, 486 S.W.2d at p. 441 (concurring opinion of Judge Seiler). Although it has been said that a punishment within the statutory limits is not cruel or unusual because of its duration "unless so disproportionate to the offense committed so as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances," *State v. Agee,* 474 S.W.2d 817, 821[14] (Mo.1971); *McCaine,* supra; *State v. Brownridge,* 353 S.W.2d 715, 718 (Mo.1962), defendant cites no Missouri case where the latter qualification to the rule was actually applied.

Under the foregoing authorities, any inclination on the part of this court to disturb the sentence would be frustrated by the lack of power to do so. Defendant's fourth point has no merit.

The judgment is affirmed.

All concur.