787 F.2d 1282
 James Edward STEVENS, a/k/a James Edward Stephens, Appellant,
v.
Bill ARMONTROUT, Warden, Appellee.
 No. 85-1647EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1986.
Decided April 10, 1986.
 
 1
 Newton G. McCoy, St. Louis, Mo., for appellant.
 
 
 2
 George Cox, Asst. Atty. Gen., for appellee.
 
 
 3
 Before McMILLIAN, JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.
 
 
 4
 Diana E. MURPHY, District Judge.
 
 
 5
 James Edward Stevens appeals from a final order of the district court,[1] denying his petition for habeas corpus. Stevens contends that the district court erred by not appointing counsel and holding an evidentiary hearing on the voluntariness of certain confessions and by not finding his 200 year sentence a violation of the Eighth and Fourteenth Amendments.[2] We affirm.
 
 
 6
 Stevens was convicted of second degree murder in June 1971. On October 8, 1970, approximately one month after the fatal shooting, Stevens surrendered to police officer Francis Sullivan. Stevens' wife and her mother and bondsman Buddy Walsh and his wife accompanied Stevens when he surrendered. He subsequently made incriminating statements which he later sought to suppress. At a pretrial hearing, Stevens, his wife, and her mother testified that he was drunk when he surrendered. The police officers who took Stevens' confession testified they had smelled liquor on his breath, but that he had not been intoxicated. The trial court overruled Stevens' motion, and the challenged testimony was introduced.
 
 
 7
 In his closing statement at trial, the prosecutor urged the jury to find Stevens guilty of first degree murder and impose a sentence of death. Over defense counsel's strenuous objections, the prosecutor went on to encourage jurors not prepared to sentence Stevens to death to convict him of second degree murder and sentence him to 150 or 200 years imprisonment. Stevens argues that the prosecutor implied that such a sentence was more serious than a life sentence and that it would lengthen the amount of time Stevens would serve before becoming eligible for parole. The jury returned a verdict of guilty of second degree murder and assessed imprisonment of 200 years.
 
 
 8
 On direct appeal, the Missouri Supreme Court ordered a supplementary hearing because the trial court had failed to "enter of record a finding with unmistakable clarity that the statements of appellant were voluntarily made." State v. Stephens, 507 S.W.2d 18, 20 (Mo.1974) (en banc) (referring to previous order). The supplementary hearing was held before the original trial judge, who overruled Stevens' motion to disqualify. Stevens called only one witness--Officer Sullivan--who testified that Stevens had been drinking but was not intoxicated at the time of his surrender. Stevens' counsel stated that he and Stevens had spoken to Buddy Walsh, knew what his testimony would be, and had decided not to call him. In supplemental findings, the trial judge found "that defendant had consumed alcoholic beverages prior to his arrest," but that he "was not intoxicated." The court's "Findings and Order" detailed the testimony of the various witnesses, and inconsistencies between Stevens' purported intoxication, his testimony, and the behavior exhibited by him, his family, and the Walshes on the night of his surrender.
 
 
 9
 The Missouri Supreme Court upheld Stevens' conviction, rejecting, inter alia, his objections to the admission of his statements and his claim that his 200 year sentence constituted cruel and unusual punishment, violative of the Eighth and Fourteenth Amendments. A closely divided court found the sentence consistent with statute and case law; none of the justices considered it cruel or unusual.
 
 
 10
 Stevens now argues that his 200 year sentence must be reexamined in light of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and seeks "reduction" of his sentence to life imprisonment. At the time of his sentencing, Missouri statutes provided that a defendant convicted of first degree murder could be sentenced to death, while one convicted of second degree murder was subject to "imprisonment during his natural life, or for any number of years" not less than ten. Mo.Rev.Stat. Sec. 546.490 (1969) (repealed 1977), Mo.Rev.Stat. Sec. 559.030 (1969) (repealed 1975). By the time of Stevens' appeal, however, the United States Supreme Court had decided Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and Missouri's "sole and only punishment for first degree murder [was] life imprisonment." State v. Cuckovich, 485 S.W.2d 16, 28 (Mo.1972) (en banc). Stevens argues that at the time of his appeal, second degree murder could be punished more severely than first degree murder and that this incongruous result blatantly violates the Eighth and Fourteenth Amendments.
 
 
 11
 We are not persuaded that, under Missouri law, a 200 year sentence is more severe than a life sentence. The relevant Missouri parole statutes provide that prisoners serving life sentences or long terms of years are eligible for parole after having served twelve years. See Mo.Rev.Stat. Sec. 217.690.2 (1984); Mo.Rev.Stat. Sec. 549.261.2 (1969) (repealed 1982). Stevens acknowledges that he has been afforded four parole hearings thus far, but argues that parole officials have ignored his exemplary prison record and repeatedly denied him parole only because they believe that they must deal more harshly with him than with an inmate sentenced to life in prison. The fact that he has not yet been paroled does not make out a constitutional violation, however. See, e.g., Gale v. Moore, 763 F.2d 341, 343 (8th Cir.1985) (per curiam).
 
 
 12
 Even assuming that a 200 year sentence is in some way more severe than a sentence of life imprisonment, it is within the maximum provided by the Missouri statute, which permits a sentence "for any number of years." See State v. Stephens, 507 S.W.2d 18, 22-23 (Mo.1974) (finding Stevens' sentence permissible under the statute). Stevens was certainly not the first to receive a second degree murder sentence of more than a normal lifetime. See, e.g., State v. Smith, 411 S.W.2d 89 (Mo.1967) (99 year sentence). The Missouri legislature possesses "broad authority * * * in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. at 290, 103 S.Ct. at 3009. See also Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). This case does not involve a minor crime, nor does it involve a situation in which parole is unavailable. Compare Solem v. Helm. Stevens' sentence does not violate the Eighth or Fourteenth Amendments.
 
 
 13
 Stevens also argues that the district court should have appointed counsel and ordered an evidentiary hearing because the state court's fact-finding was suspect. Specifically, he contends that the Missouri Supreme Court's order for a supplementary hearing is evidence of a flawed trial court decision, that the trial judge "lost jurisdiction to proceed further" when he improperly denied a motion to disqualify; that the trial court should have been able to consider the testimony of bondsman Walsh, and that the trial court's findings of fact "seem to indicate a failure to grasp or deal with essential details favoring petitioner's position."
 
 
 14
 These alleged deficiencies, considered individually or collectively, do not require an evidentiary hearing. The mere fact that the Missouri Supreme Court ordered the trial judge to hold a supplementary hearing and to make his finding "with unmistakable clarity" provides no evidence that the trial court's ultimate decision was flawed. There is no evidence that the trial judge had any reason to disqualify himself.[3] The record clearly indicates that Stevens chose not to call Walsh to testify. Finally, the trial court had no obligation to discuss every conceivable interpretation of the evidence.
 
 
 15
 Appellant argues that under Miller v. Fenton, --- U.S. ----, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), the district court was required to hold a hearing. Miller held that the voluntariness of a confession is not an issue of fact entitled to a 28 U.S.C. Sec. 2254 presumption of correctness, but a legal question meriting independent consideration in a federal habeas proceeding. The Court noted, however, that
 
 
 16
 subsidiary questions, such as the length and circumstances of the interrogation, the defendant's familiarity with the Miranda warnings, often require the resolution of conflicting testimony * * * The law is therefore clear that state-court findings on such matters are conclusive on the habeas court if fairly supported by the record and if the other circumstances enumerated in sec. 2254(d) are inapplicable.
 
 
 17
 Id., 106 S.Ct. at 453.
 
 
 18
 The only issue Stevens raises concerning the voluntariness of his confession is whether he was intoxicated when he surrendered to the police. The trial court's express finding that Stevens was not intoxicated involved the resolution of conflicting testimony concerning the factual issue of intoxication. Its "Findings and Order" were detailed and persuasive. Stevens has not demonstrated any need for an evidentiary hearing or any error in the district court's decision.
 
 
 19
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Appellant also argues that his sentence was an impermissible retroactive application of an unforseeable judicial expansion of statutory language. Moore v. Wyrick, 766 F.2d 1253 (8th Cir.1985). Appellant concedes that this argument was not raised below, and we accordingly decline to reach it
 
 
 [3]
 Under Missouri law, a judge is disqualified "when he is interested or prejudiced" or when an affidavit is timely filed "even though the judge is, in fact, neither interested nor prejudiced in any way at all." State v. Vermillion, 486 S.W.2d 437, 440 (Mo.1972). At the supplementary hearing, Stevens apparently argued that the judge was biased, an assertion neither supported by the record nor raised in this appeal. He now argues that the trial judge was obligated to step aside once appellant filed an affidavit of prejudice. This procedure is available before the commencement of trial but "not after the trial [begins] and * * * not * * * with respect to hearings occurring after the trial begins which hearings constitute part of the trial itself * * * " Id. The evidentiary hearing was not a separate trial, giving rise to a new chance to disqualify, see, e.g., State v. Sullivan, 486 S.W.2d 474 (Mo.1972), but a part of the original trial, see, e.g., State v. Pugh, 649 S.W.2d 480 (Mo.App.1983)