Willie Lee HENDRIX *v.* STATE of Arkansas

CR 89-16                                          768 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered May 8, 1989

*Rees Law Firm*, by: *David Rees* and *Paul J. Teufel*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Willie Lee Hendrix was convicted of possession of methamphetamine with intent to deliver and possession of marijuana and received a 41 year sentence. His only argument for reversal is that the trial judge should have granted a new trial because one of the state's primary witnesses, the chief of police of Truman, talked to several members of the jury panel before or during the trial. We affirm the denial of the new trial.

The judge refused to allow the defense to question jury members before the hearing on the motion. He observed that when the verdict was read the appellant's mother, his brothers and other relatives jumped up, yelled and shook their fists at the jury. Jerry Bland, the chief of police, who was also an arresting officer, and two jurors testified that he, Bland, had spoken with them; however, he and the jurors denied anything relevant to the case was discussed.

The testimony of the appellant's witnesses, Judy Booker and Letha Love, Hendrix's sister, indicates that the attorneys for both Hendrix and a codefendant, James Shelly, were told of the incident before or during the trial. Hendrix has different counsel on appeal, and his trial attorney, John Henry, did not testify. The codefendant's counsel, Chet Dunlap, testified, but was not asked whether he knew of the conversations before the end of the trial.

■■ A claim of jury misconduct raised for the first time in a motion for a new trial must be accompanied by an affirmative showing that the defense was unaware of the comments until after the trial. *State v. Bollinger*, 560 S.W.2d 606 (Mo. 1978). *See also* 9 A.L.R.3d 1283 (1966). Since this issue was not raised at the first opportunity, we will not consider it on appeal. *See Young v. State*, 283 Ark. 435, 678 S.W.2d 329 (1984).

We need not address the question of whether the trial judge erred in preventing counsel from questioning the jurors before the hearings.

Affirmed.